WILLIAM BROPHY, PLAINTIFF IN ERROR, v. CITY OF PERTH AMBOY, DEFENDANT IN ERROR.

1. Under the charter of the city of Perth Amboy, an action brought for a violation of the ordinance in relation to inns and taverns, beer saloons, &c., is a *qui tam* action, and therefore a civil suit, and not a criminal proceeding.

2. A person imprisoned in the county jail by virtue of an execution against the body for such violation, is entitled to the benefit of the act for the relief of persons imprisoned on civil process.

———

Error to the Supreme Court. For the opinion of the Supreme Court, see 14 *Vroom* 589.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *J. W. Beekman.*

The opinion of the court was delivered by

THE CHANCELLOR. By the twelfth section of the act to revise the charter of the city of Perth Amboy, (*Pamph. L.* 1870, *p.* 1126,) it is provided that the recorder shall have jurisdiction, and he is thereby empowered, on oath or affidavit that any person has been guilty of a violation of any of the ordinances of the city, to issue process, either in the nature of a summons or warrant, as to him may seem most advisable, against such person, and on the return thereof to give judgment in the matter without the filing of any pleadings; the process, however, is to state what ordinance the defendant has violated and the manner of violation. It is also provided that the recorder shall, if judgment be given for the plaintiff, forthwith issue execution against the goods and body of the defendant. The fine to be imposed is not to exceed $50 for the offence, and no term of imprisonment imposed as a penalty is to exceed sixty days. An appeal is given in all cases

to the city council for the remission of any penalty that may be imposed. The act also provides for an appeal to the Court of Common Pleas, as in cases where appeal may be had from judgments in the courts for the trial of small causes. By an ordinance of the city it was ordained that no person should carry on the business of an inn-keeper or tavern-keeper, keeper of a restaurant or beer saloon, within the corporate limits of the city, without a license, under the penalty of $50, half of which was to go to the informer. Under that ordinance the plaintiff in error was convicted before the recorder and adjudged to pay the penalty and costs. An execution was issued against his goods and body, and no goods being found, he was taken into custody under it and delivered to the keeper of the jail of the county. He thereupon gave bond under the act "for the relief of persons imprisoned on civil process," and was released. On application to the Court of Common Pleas under that act he was discharged. The city brought a *certiorari* to test the validity of the order of discharge, and on it the Supreme Court set aside the order on the ground that the process on which he was imprisoned was not civil process. Brophy brought a writ of error thereupon. The question to be decided, then, is whether the proceedings under which he was imprisoned were a civil action within the meaning of the act for the relief of persons imprisoned on civil process. The charter gives the power of enforcing the ordinances by penalties of two sorts—fine and imprisonment. In the case in hand the city has enacted that the penalty shall be a fine merely. The object of the proceedings under consideration was the enforcement of the payment of the sum of money which the ordinance fixed as the penalty for violation. Unlike many other of our municipal charters in this respect, the charter does not provide, in terms, what the character of the action shall be—that it shall be an action of debt; but this omission does not change or affect the character of the proceeding, nor render it any the less a civil action. The payment of the judgment is to be enforced by execution—in the first instance against the goods of the de-

fendant, and for want of them, against his body. An appeal to the Court of Common Pleas is given as in the case of judgments in the courts for the trial of small causes. The penalty becomes, by the judgment, a debt of record, and nothing more. " In this country," says Judge Dillon, " the courts hold that where the mode of enforcement is prescribed by the charter, that mode must be pursued; but if the mode or form of action is not prescribed, then the recovery of the penalty or fine for the violation of a municipal ordinance may be as at common law, by an action of debt or *assumpsit*, or, where those forms are abrogated, by a civil action, in substance the same. And where such an action is brought, the proceeding is civil and not criminal, and the rules of procedure in civil cases, unless otherwise provided, are applicable to it." 1 *Dill. on Mun. Corp.*, § 343. The action in question is a *qui tam* action. Half of the penalty, when recovered, goes to the informer. A *qui tam* action is a civil action. In *Clark* v. *Collins*, 3 *Green* 473, which was a suit for penalties under the timber act, the court, speaking by Chief Justice Hornblower, said that the action, though penal, was not criminal, but was a civil suit between private parties. In *Penna. R. R. Co.* v. *N. J. Society, &c.*, 10 *Vroom* 400, it was held that in an action for a penalty under the thirteenth section of the act for preventing cruelty to animals, an appeal will lie, and that the action is a civil suit, and not a criminal proceeding. But further: While the charter provides that if the penalty fixed for the violation of an ordinance be imprisonment, such imprisonment shall not exceed the period of sixty days, it is obvious that if the construction contended for by the city be adopted, the imprisonment in a case where the penalty fixed is a mere fine, which the defendant is unable to pay, may be for an unlimited period. This the legislature obviously never intended, and a construction admitting of such consequences is not to be contemplated. The imprisonment may indeed be ended at any time by the remission of the penalty by the council, but that is a matter wholly discretionary with them and an act of grace, and their discretion is subject to no con-

trol. The defendant in a judgment in a *qui tam* action would clearly be entitled to the benefit of the relieving act. The distinction suggested that the proceeding is to be regarded as criminal where the act prohibited is punishable by indictment or·other criminal procedure, but otherwise as civil, is not allowable. The character of the proceeding for the recovery of the pecuniary penalty is not changed or affected by such considerations.

The judgment of the Supreme Court should be reversed.

*For affirmance*—KNAPP, PATERSON, WHITAKER. 3.

*For reversal*—THE CHANCELLOR, DEPUE, MAGIE, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN. 9.