THE STATE OF NEW JERSEY, RESPONDENT, v. EDWIN W. DORCH, PROSECUTOR.

Submitted January term, 1935—Decided November 29, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *David T. Wilentz,* attorney-general, and *Alexander F. Ormsby,* assistant attorney-general.

The opinion of the court was delivered by

PERSKIE, J. This case is incorrectly styled. Rule 15 of this court requires that it be entitled as it was before the recorder, *i. e.,* as above captioned.

Prosecutor challenges a judgment of conviction, entered in the Recorder's Court of the town of Bloomfield, upon a complaint charging that, on August 26th, 1934, he operated a motor vehicle on a public highway of that municipality while under the influence of intoxicating liquor, in violation of "the provisions of subdivision 3 of section 14 of the Motor Vehicle act of the State of New Jersey known as chapter 208, *Pamph. L.* 1921 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1993, § 135-63 (3), as amended and supplemented * * *." Although not so charged in the complaint, he was punished as a second offender.

Counsel for prosecutor in this case was also counsel for the prosecutor in case of Supreme Court, entitled *State of New Jersey, respondent,* v. *Harold Rowe, prosecutor,* 116 *N. J. L.* 48. The same pertinent points and arguments are substantially made in each case.

Our holding in *State* v. *Rowe,* 116 *N. J. L.* 48, is controlling.

We desire only to mark the fact that in the case at bar the hearing before the recorder started on September 21st, 1934, and the prosecution undertook to show a prior conviction. The case was then adjourned until September 25th, 1934, when it was resumed and concluded. The prosecutor, who denied his prior conviction, was thus given ample opportunity, and took full advantage thereof, to meet that charge. He was, therefore, appropriately informed and heard on that fact. Thus, the question as to whether his fundamental rights were invaded is also purely academic in this case.

The evidence, we think, amply furnished a substantial basis for prosecutor's conviction on the complaint as charged and for his punishment as a second offender.

The judgment is affirmed, and the writ is dismissed, with costs.

Heher, J., dissents.