STATE OF NEW JERSEY, RESPONDENT, v. GEORGE MYERS, DEFENDANT-PROSECUTOR.

Submitted May 6, 1947—Decided November 9, 1947.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the State of New Jersey, *Lewis P. Scott*, Prosecutor of the Pleas for Atlantic County.

For the defendant-prosecutor, *Martin Bloom* and *Clarence Blitz*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. A complaint was made against George Myers in the Recorder's Court of Atlantic City charging him with a violation "of section 39:4–50 * * * of the Revised Statutes, in that on November 4th, 1945, * * * at about 12:30 o'clock A. M. * * * the defendant drove a motor vehicle on a public highway in Atlantic City while under the influence of intoxicating liquor," and also charging him with leaving the scene of an accident without identifying himself (*R. S.* 39:4–129). The prosecutor of the writ in compiling his state of case has not put the record of conviction in that court before us, and consequently we are not technically informed as to the decision on the latter accusation. But there was a conviction on the charge of driving while under the influence of intoxicating liquor, and the defendant appealed from the judgment thereon to the Atlantic County Court of Special Sessions where that charge was tried *de novo* (*R. S.* 39:5–11). The judgment in the Sessions was that

"This matter coming on to be heard *de novo* on appeal * * * from a judgment of conviction * * * the court * * * being fully satisfied of the defendant's guilt of the charges therein made

"It is, on this 25th day of February, 1946, ORDERED that the conviction founded on a complaint made against the defendant for violation of 39:4–50, Revised Statutes of New Jersey be sustained;

"And it further appearing to the court that the defendant herein was previously convicted of violation of section 39:4–50, Revised Statutes of New Jersey, on September 19th, 1940, before Magistrate A. H. Keller of Pleasantville, New Jersey,

"Therefore, it is the sentence of this Court that the defendant serve a term of three months in the Atlantic County Jail

at Mays Landing, New Jersey, and that his license to operate a motor vehicle in this State be permanently revoked, in accordance with the Statute in such case provided."

Thereupon the defendant sued out a writ of *certiorari* to review the judgment and now prosecutes that writ before us. Prosecutor challenges the sufficiency of the evidence to sustain a conviction, the legality of the proof upon which he was sentenced as a second offender, and the adequacy of the language of the judgment in that it "sustains" the original conviction rather than finds a conviction in fresh words.

There was evidence upon which a conviction of driving while under the influence of intoxicating liquor could be based: the movements of the car which prosecutor was driving, the failure—as could be inferred—to apply the brakes, prosecutor's staggering walk, the strong smell of liquor about his person, his strange action in leaving immediately after the collision, his going to sleep soon after his arrival at a house which was not his home, the opinion formed by a witness at the scene of the accident (*Castner* v. *Sliker,* 33 *N. J. L.* 507). It is not necessary for this court to weigh the evidence. It is enough for us to hold, as we do, that the proofs support the result. *State* v. *Rowe,* 116 *Id.* 48, 57; *affirmed,* 122 *Id.* 466.

At the close of the trial, February 15th, 1946, the court took the matter of, guilt under advisement. Whether then or later is not clear from the state of case, but the prosecutor of the pleas called to the court's attention that he had received a letter, which he then presented, from the Department of Motor Vehicles stating that at the time of the conviction in the Recorder's Court the recorder had not been aware, but the fact was, that Myers had suffered an earlier conviction on the charge of operating a motor vehicle while under the influence of intoxicating liquor. The court announced that opportunity would be given for the Motor Vehicle Department to certify the record by proper instrument and that decision would be reserved until the receipt thereof. On a subsequent day, not in the presence of, or on notice to, the defendant or his attorney, such a certification was received and incorporated into the record. If judgment was rendered and sen-

tence imposed in open court with the defendant or his attorney present, the record does not so disclose. The judgment took the form of a written order with the provisions mentioned above, which, as we have said, included as a part of the sentence the statutory mandate against a second offender, namely, that his right to operate a motor vehicle over the highways of the state be forfeited. It is not necessary that the accusation of being a second offender be made a part of the complaint. *R. S.* 39:4-50; *State* v. *Rowe, supra.*

And proof of a previous violation is not an essential requirement in proving the guilt of the second charge; indeed, the former conviction has nothing whatever to do with the guilt or innocence of the accused under the subsequent accusation. The former conviction was relevant on the question of punishment only. *State* v. *Mowel,* 116 *N. J. L.* 354. Nevertheless, we are of the opinion that inasmuch as the fact of earlier conviction is accorded such far-reaching effect as to require, without discretion on the part of the sentencing judge, that the accused be forever barred from operating a motor vehicle on the highways of the state, the accused should, before sentence is imposed, be given knowledge of the introduction of such a certification into the record and an opportunity to dispute the truth or accuracy of it. Such knowledge or opportunity is not shown in the state of case. In *State* v. *Dorch,* 181 *Atl. Rep.* 712 (not officially reported), knowledge and opportunity were given at the trial. We do not hold that those factors need be introduced at the trial, but we do find that the defendant should be given knowledge of the contents of the certification of earlier conviction by virtue of which he is to be sentenced and an opportunity to address himself thereto before sentence is pronounced. There was, therefore, error in the fixing of sentence.

The judgment did, separately, two things. It adjudged guilt on the proofs in the trial *de novo* and it imposed sentence on those proofs plus the proof of prior conviction. We find no reason for disturbing the finding of guilt simply because, after the trial was concluded, there was faulty procedure in the introduction and use of a certification that went only to the character and the extent of the sentence.

It is entirely clear that the judgment convicts of guilt under the specified statutory provision. The finding below was of guilt. It was appealed from because it was a finding of guilt. The Special Sessions, after a trial of the issue anew, the charge remaining the same, also found guilt and in so doing, whether using words of affirmance or not, in effect affirmed the finding in the lower court. The wording of the judgment in that respect does not, we think, constitute reversible error.

The finding of guilt is not disturbed. The sentence is set aside and the record remanded to the Atlantic County Court of Special Sessions for resentence of the defendant. No costs are allowed.