30 N.J. Super. 6 (1954)
103 A.2d 169
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH P. McCARTHY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1954.
Decided February 24, 1954.
*7 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. David Young, 3rd, argued the cause for appellant (Mr. Harry L. Sears, on the brief).
Mr. Oscar F. Laurie, Assistant Prosecutor, argued the cause for respondent (Mr. John D. Collins, Morris County Prosecutor).
The opinion of the court was delivered by JAYNE, J.A.D.
At a trial de novo in the Morris County Court the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of R.S. 39:4-50, from which judgment he prosecutes the present appeal.
Our study of the testimony in the sequence of its introduction influences us to conclude that the evidence adduced by the State in the prosecution of the complaint did not in any probative degree tend to establish the essential fact that the defendant was operating a motor vehicle. In that state *8 of the evidence a motion was made on behalf of the defendant for an acquittal. The motion, however, was denied.
Testimony, although of doubtful credibility, was thereafter introduced by and for the defendant which purported to explain the conduct of the defendant with respect to the momentary movement of the vehicle. We are consequently confronted by the question whether the rule observed in criminal cases that the propriety of a denial of such a motion for acquittal shall be determined on appeal without regard to the evidence subsequently presented in defense recently re-enunciated in State v. Fox, 12 N.J. Super. 132 (App. Div. 1951) is applicable to the consideration of an appeal from a conviction under R.S. 39:4-50. The question is not free from perplexity and is possibly one productive of some diversity of opinion.
It is to be immediately conceded that except where the death of another is thereby caused (N.J.S. 2A:113-9) the offense of operating a motor vehicle while under the influence of intoxicating liquor is not in the existing statutory law of our State denominated a crime. Historically it will be observed that the offense was once declared to be a crime. L. 1909, c. 127, p. 200. Subsequently the offender was declared to be a disorderly person. L. 1913, c. 67, p. 103. Vide, State v. Rodgers, 91 N.J.L. 212 (E. & A. 1917). Both of those acts were expressly repealed, L. 1921, c. 184, pp. 485, 488, and the offense was embraced by the provisions of our Motor Vehicle Act. Title 39 of R.S. It was held that a conviction of the offense of reckless driving in violation of the Motor Vehicle Act was not a conviction of crime. Huff v. C.W. Goddard Coal & Supply Co., 106 N.J.L. 19 (Sup. Ct. 1930). In State v. Shoopman, 11 N.J. 333 (1953) it was resolved that an acquittal of the charge of the reckless driving of an automobile will not sustain a plea of autrefois acquit to an indictment for manslaughter occasioned by the same mishap.
Assuredly the prosecution of a complaint for the offense of so-called drunken driving under the statute cannot be classified in legal concept as a qui tam action or *9 appropriately catalogued as an action for the recovery of a penalty. Cf. Brophy v. City of Perth Amboy, 44 N.J.L. 217 (E. & A. 1882); White v. Borough of Neptune City, 56 N.J.L. 222 (Sup. Ct. 1893). Perhaps the most hospitable collocation of a prosecution of one accused of the offense is within the category of those proceedings which have opportunely been described as quasi-criminal. Vide, State v. Hunter, 4 N.J. Super. 531, 537 (App. Div. 1949); Watt v. Wallerius, 99 N.J.L. 370, 371 (Sup. Ct. 1924); Kruttschnitt v. Hagaman, 128 N.J.L. 246, 250 (Sup. Ct. 1942).
It is of cogent significance to notice that one who is found guilty of the offense may in the discretion of the magistrate be imprisoned for a term of not less than 30 days nor more than three months. It is therefore to be associated with those offenses the conviction of which subjects the perpetrator to a punitive deprivation of liberty rather than with those violations, notably of municipal ordinances, which are punishable by fine only. Cf. Unger v. Fanwood, 69 N.J.L. 548 (Sup. Ct. 1903); Lowrie v. State Board of Registration & Examination in Dentistry, 90 N.J.L. 54 (Sup. Ct. 1917).
Therefore our decisional law has insisted that proceedings in the prosecution of violators of R.S. 39:4-50 shall be so conducted as to respect and safeguard those basic rights normally to be accorded one accused of a criminal offense.
It was announced in State v. Matchok, 14 N.J. Super. 359 (App. Div. 1951), that in such a proceeding the State has the burden of establishing the guilt of the defendant beyond a reasonable doubt. Can it be reasonably supposed that in such a proceeding the defendant can be required to testify against himself? N.J.S. 2A:81-5 and 6. Can he be deprived of the rights conferred upon an accused by Article 1, paragraph 10 of the Constitution? Would not a judgment of acquittal be final? Vide, City of Newark v. Pulverman, 12 N.J. 105 (1953).
In criminal cases the recognized test to be employed in the determination of a motion for a judgment of acquittal is whether or not there is any legally competent evidence *10 from which an inference of the defendant's guilt of the charge can be logically and legitimately drawn. State v. Picciotti, 12 N.J. 205, 208 (1953).
In State v. Fox, supra, it was stated:
"* * * But if, at the conclusion of the State's case, the evidence was insufficient to make a case for the jury, the denial of a motion for a direction made at that time was considered to work manifest wrong or injury to the accused and to be ground for reversal. This was so, even though later in the case evidence was received sufficient to establish the appellant's guilt. Herein the rule was contrary to that followed in civil cases. State v. Pruser, 127 N.J.L. 97 (Sup. Ct. 1941). It was thought that if the civil rule were applied in criminal prosecutions, it would come perilously near compelling the accused to convict himself, since he must either forego making a defense on the merits or else risk having isolated bits of his testimony used against him to cure the deficiencies in the State's case. State v. Bacheller, 89 N.J.L. 433 (Sup. Ct. 1916). The substitution of a motion for judgment of acquittal in the place of a motion for a directed verdict, pursuant to Rule 2:7-7, seems to be a change of name rather than of substance. The denial of the motion still raises a question on appeal that must be decided without regard to the evidence presented later in the trial."
The foregoing statement is respected by us as an expression of the existing rule of law in the consideration of convictions of crime on appeal. The question here to be resolved is whether the prosecution of an alleged violator of R.S. 39:4-50 is a proceeding so essentially criminal in nature and attributes as to render by rational analogy the rule pursued in appeals of criminal cases applicable to the consideration and determination of the present appeal. We shall answer it in the affirmative.
The judgment of conviction is reversed.