33 N.J. Super. 1 (1954)
108 A.2d 862
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD G. WITTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 3, 1954.
*2 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Frank H. Lawton, First Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. Mario H. Volpe, Prosecutor, attorney; Mr. Frederick English, Assistant Prosecutor, on the brief).
Mr. Frank S. Katzenbach, III, argued the cause for the defendant-appellant (Messrs. Katzenbach & Salvatore, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant-appellant was convicted by the Municipal Court of Hopewell Township, Mercer *3 County, of operating a motor vehicle while under the influence of intoxicating liquor in contravention of N.J.S.A. 39:4-50. On appeal and a trial de novo, the Mercer County Court similarly found the defendant guilty.
The grounds of appeal asserted by the defendant are: (1) that there was no evidence to support a conviction on December 12, 1953, as charged in the complaint; (2) there was insufficient proof that the defendant was operating his motor vehicle; and (3) the evidence does not support the State's contention that he was not in fit condition when he drove to the scene of his apprehension.
Rather than indulge in a factual recital at this point, we will refer to the pertinent facts as we deal seriatim with defendant's grounds of appeal.
In the first place, we reach the conclusion that there is no merit in the first ground of appeal. The complaint charged that the offense was committed "on the 12th day of December (Sat.), 1953, at 12:45 A.M." and the jurat is dated December 12. At the Municipal Court hearing there was some colloquy as to what Saturday was and as a result the municipal magistrate crossed out "12" and substituted "13." During the de novo trial before the County Court and on the basis of the testimony of the State's witnesses (two state troopers and the medical examiner), on motion of the State, the date of December 12 was restored in the complaint. The motion was granted without any objection by the defendant; in fact, defendant's counsel conceded the broad power of the court to permit such an amendment. Nor did the defendant contend that he was surprised or unprepared to meet the issue created by the change of date. Neither did he request any continuance for the purpose of proffering other testimony on the question. The defendant made timely motion for acquittal on the ground, inter alia, that there was no proof as to having operated his automobile while drunk on December 12th.
Secondly, the State's proofs were that the offense occurred on December 13; there was no evidence to support a conviction of an offense committed on December 12. We *4 are convinced, however, that the variance is not fatal. 2 Wharton's Criminal Evidence (11th ed.), par. 1039. In the case of State v. Shapiro, 89 N.J.L. 319 (E. & A. 1916), it was held that where the date of the offense in a criminal prosecution is not of the essence, proof may be offered by the State that the offense charged was committed on any day within the period covered by the statute of limitations. The test as to whether time is of the essence depends upon whether an act may be innocent if committed at one time, but criminal at another. State v. Calabrese, 99 N.J.L. 312 (Sup. Ct. 1924). Drunken driving is statutarily condemned at all times. N.J.S.A. 39:4-50. This question was considered in the case of State v. Johnson, 20 N.J. Super. 93 (App. Div. 1952), where Judge Goldmann, speaking for the court, stated, 20 N.J. Super. at page 95:
"The doctrine that averment of the time of the commission of the crime is altogether formal, unless the time itself be a legal constituent of the offense, dates back to Ketline v. State, 59 N.J.L. 468, 470 (E. & A. 1896). Time is not of the essence of the offense `except in cases where an act may be innocent, if done at one time, but criminal if done at another.' State v. Calabrese, 99 N.J.L. 312, 315 (Sup. Ct. 1924), affirmed per curiam 100 N.J.L. 412 (E. & A. 1924)."
Consideration must also be given to R.R. 3:10-10(b), which provides that an appeal operates as a waiver of all defects in the record, "* * * including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
Thirdly, the defendant's contentions that the proofs fail to establish that he was (a) operating his motor vehicle and (b), was under the influence of intoxicating liquor. These assertions will be discussed separately.
*5 (a) The two troopers testified that when they arrived at the scene in question, which was at the end of an old, unused road, called Mt. Rose Road in Hopewell Township, they observed the defendant behind the steering wheel of his car, with the motor running, the lights on; that he was attempting to dislodge his car from a log on which the wheels of his vehicle were spinning in his attempt to turn around, as the road was a "dead-end road"; that the motion was a forward and backward one, but the car would not move enough to free it from the log. When asked where he was coming from, he informed the troopers that he had just come from a company party at Glendale and he was lost, and all he wanted to do was to get turned around and go home. It is obvious from the foregoing recital of the pertinent testimony  and which is not refuted by the defendant  that Mr. Witter was operating his automobile within the intent and meaning of the pertinent provision of the statute. The case of State v. McCarthy, 30 N.J. Super. 6 (App. Div. 1954), relied upon by the defendant, is clearly distinguishable. While in the McCarthy case, we find there was no factual recital in detail, the court held, under the authority of State v. Fox, 12 N.J. Super. 132 (App. Div. 1951), that there was no legally competent evidence "from which an inference of the defendant's guilt of the charge can be logically and legitimately drawn," based on the court's conclusion "that the evidence adduced by the State * * * did not in any probative degree tend to establish the essential fact that the defendant was operating a motor vehicle." Quite contrary to the McCarthy case, there was ample testimony in the case at bar to support the County Court's finding that the defendant was, at the time and place and under the circumstances charged, "operating a motor vehicle." Cf. State v. Baumgartner, 21 N.J. Super. 348 (App. Div. 1952) and State v. Johnson, 23 N.J. Super. 304 (App. Div. 1952).
(b) Considering, finally, the question of defendant's insobriety, if we were to conclude the defendant was not under the influence of intoxicating liquor, it would be incumbent upon us to completely ignore the proofs. In the State's proofs we *6 have the testimony of the troopers and the medical examiner. Defendant informed the troopers that he had come from a company party at a tavern; that he was lost, and all he wanted to do was to get turned around and go home; that they had to assist him out of the car; that it was apparent that he was intoxicated; the odor of alcohol was apparent on his breath; that when they took him to the State Police car, they caught him to prevent him from falling; that on the way to the doctor, in reply to their question as to how much he had to drink, he said: "Too much; too much." The troopers were present when Dr. Milton G. Marion examined the defendant, and Dr. Marion testified that in his opinion he was under the influence of intoxicating liquor and unfit to drive a vehicle.
The defendant, in his testimony, admitted that he had two or three drinks before dinner; that after the dinner and before he left, he "had about two drinks, I guess"; on his way home to Princeton alone he made the wrong turn on to the dead-end road; reciting his difficulties of getting lodged on the log in attempting to turn around; finding he could not dislodge his car, and becoming chilly because of the cold night, he shut the window and turned on the heater; after sitting there a while, he began to feel sick and dizzy and "must have gone to sleep" and after some time a nearby farmer came to the car.
The testimony of the medical expert for the defendant was based upon a hypothetical question and not an examination. He stated that it would be pretty illogical for defendant to be intoxicated at 12 or 12:45; "it is possible, but remote"; that it was possible for defendant's condition to have been induced by the heat and carbon monoxide fumes coming up through the floor boards as he sat in the closed car. His testimony was conjectural and unconvincing.
The bartender at the tavern testified that in his opinion, defendant was sober at the time he departed about 10:30 o'clock. However, the neighboring farmer who saw the defendant at the scene of his apprehension, testified that defendant was, in his opinion, drunk. The burden of establishing *7 the defendant's guilt beyond a reasonable doubt was upon the State. State v. Matchok, 14 N.J. Super. 359 (App. Div. 1951); State v. McCarthy, supra. However, it is not required of this court to weigh the evidence, but merely to determine whether the evidence supports the conviction. State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1935), affirmed 122 N.J.L. 466 (E. & A. 1939); State v. Myers, 136 N.J.L. 288 (Sup. Ct. 1947); State v. Matchok, supra. Paraphrasing the language employed in the Baumgartner case, supra, our examination of the record leads us to the inescapable conclusion that the proofs amply support the conviction.
Affirmed.