88 N.J. Super. 396 (1965)
212 A.2d 573
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THEODORE R. TYLER, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1965.
Decided July 15, 1965.
*398 Before Judges KILKENNY, GOLDMANN and LEWIS.
Mr. William R. Gilson, assigned counsel, argued the cause for appellant (Messrs. Kentz, Kentz & Gilson, attorneys).
Mr. Leslie P. Glick, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
The opinion of the court was delivered by LEWIS, J.A.D.
In this appeal defendant, by his assigned counsel, contends that he was improperly resentenced as a third time narcotics offender under N.J.S.A. 24:18-47(b) (3) and argues that the only course now available to the courts is to resentence him as a first offender. The essential facts follow.
On September 12, 1958 defendant pleaded non vult to a charge of unlawful possession of narcotics and two other accusations (breaking, entering and larceny, and unlawful possession *399 of burglar tools), for which he was sentenced to imprisonment for two to three years on each accusation, the terms to be served concurrently.
Defendant, on May 29, 1959, entered a plea of non vult to an indictment (four counts dealing with narcotics offenses) charging him, inter alia, with the unlawful sale of narcotics. The resultant prison-term sentences were for five to seven years on each count, the same to run concurrently with the sentence he was serving at that time. The sentences imposed were suspended on condition that defendant enter the federal narcotics hospital at Lexington, Kentucky, "to remain there until discharged by Parole and Hospital Authorities."
On August 27, 1962 he pleaded guilty to three complaints in the Plainfield Municipal Court, wherein he was charged with being a user of narcotic drugs, having in his possession barbiturates, and also possessing three hypodermic needles. He was sentenced to consecutive one-year terms in the county jail for each offense.
In September 1962 two more indictments were returned against him. Indictment No. 56 charged the unlawful sale of narcotics, and indictment No. 57 alleged unlawful possession thereof. He pleaded not guilty to the former and in the course of trial, on motion made by defense counsel, a judgment of acquittal was entered. Defendant, however, retracted his original plea of not guilty to indictment No. 57 and entered a plea of guilty. He was thereupon, on January 31, 1963, given a sentence of ten years to life, to be served in the State Prison upon completion of the prior municipal court sentences, and he was also fined $500.
Parenthetically, we note at this point that on March 22, 1963, at defendant's request, the terms of the municipal court sentences were reduced to nine months on each conviction, to run concurrently with the ten years to life sentence, and he was then remanded to the State Prison.
It appears from the record that the aforesaid January 1963 sentence was imposed by the trial court pursuant to N.J.S.A. 24:18-47, which provides for enhanced punishment of *400 second- and third-time narcotics offenders. The indictment (No. 57), however, makes no reference to prior offenses, and no formal accusation with respect thereto was served upon defendant or his counsel apprising them of the State's intention to invoke the statute. The failure of the State to provide such notification formed the basis of a motion by defendant on September 19, 1963, initiated under R.R. 3:7-15 (deleted as of January 2, 1964; note current R.R. 3:10A-2(c)), contending that he should be resentenced only as a first offender and that the prior assessment of punishment should be corrected accordingly.
Arguments on the aforesaid motion were heard by the Union County Court on October 4, 1963 and January 16, 1964, after which the court, in concluding the matter, stated:
"He wants to be sentenced as a first offender. He will be remanded to the County jail. The Prosecutor will draw the proper notice, serve it personally upon the defendant and his counsel that he is to be re-sentenced by me as a third offender at such time the prosecution and defendant's counsel may agree."
Pursuant to that directive the State, on January 29, 1964, served formal notice that it would move on February 13, 1964 for the resentencing of defendant in accordance with the provisions of N.J.S.A. 24:18-47(b)(3) and enclosed with the notice a copy of defendant's record of criminal convictions. At the hearing which then ensued, defense counsel was asked by the court, "Is there any factual denial that this man is a third offender." The substance of his response is summed up in one sentence: "All I know is that this man has always denied to me he ever sold narcotics." It was never asserted, however, that defendant was not twice previously convicted. The trial judge observed that, when defendant had previously been brought before him on March 22, 1963 for correction of his sentence, no attempt was made to assert his present allegation of sentencing impropriety.
Moreover, in the course of his arguments, defendant's attorney repeatedly characterized the grounds for relief as a *401 "technicality." He further admitted, "I knew this was his [defendant's] third offense almost from the start when I first interviewed him in jail." The court recalled the fact, and defense counsel conceded, that, prior to the original sentencing, discussions had taken place among the prosecuting attorney, the court and defendant's attorney to the effect that the defendant would be sentenced as an habitual offender and that defendant had been informed thereof. The arguments of counsel were directed primarily to the court's discretion, urging sympathetic consideration on behalf of his client. At no time was it claimed that his client was not a third-time offender.
In rendering its decision the County Court used these words:
"Mr. Tyler, by his silence if nothing else, indicated that there were these two previous convictions and sentences and that this is actually a third offense under the Drug Act. R.S. 24. And in accordance with that Act, R.S. 24:18-47, that, sir, is a mandatory sentence to be imposed by the sentencing judge, and to set the matter straight in view of your position or your client's position, a previous formal notice was not given.
The previous sentence imposed by me is vacated, and at this time the defendant Theodore Roosevelt Tyler is sentenced, this being a third offense, to a fine of $1,000 and is sentenced to the New Jersey States Prison with hard labor for a minimum term of not less than ten years and a maximum term of life.
The defendant is to be given credit for such time as he has already spent in custody."
The Narcotics Drug Law, under which defendant was sentenced as a recidivist, provides in its pertinent parts:
"Any person as in this chapter defined * * *
(b) Who violates any provision hereof shall be guilty of a high misdemeanor and shall be punished as follows: * * *
(3) for each third offense and for each subsequent offense, by a fine not exceeding five thousand dollars ($5,000.00) and by imprisonment, with hard labor, for a term of not less than ten years with a maximum of imprisonment for life. * * *" (N.J.S.A. 24:18-47(b)(3))
*402 It is to be noted that the legislation does not contain a procedural mandate for its application such as that found in N.J.S. 2A:85-13, the general Habitual Offenders Act, which contemplates a jury determination of prior convictions upon the formal service of an accusation by the State accusing the defendant of previous convictions. See generally "New Jersey's Habitual Criminal Act," 11 Rutgers L. Rev. 654, 661-668 (1957).
As basic fairness requires that a multiple narcotics offender be afforded the same protection on sentencing as any other multiple offender convicted of a misdemeanor, it would follow logically that the accusation procedure outlined in N.J.S. 2A:85-13 should apply ordinarily, in the course of administering justice, to the sentencing of a second or third offender under the Narcotics Drug Act, N.J.S.A. 24:18-47. For a precedent see State v. Taylor, 72 N.J. Super. 388 (Cty. Ct. 1962); see also State v. Booker, 88 N.J. Super. 510 (App. Div. 1965). Note N.J.S.A. 39:4-50, which fixes penalties for operating a motor vehicle while under the influence of liquor or drugs, wherein it is stated that the complaint need not allege a prior conviction when its enlarged punishment provisions are sought to be invoked.
Defendant argues, in view of the absence of a statutory scheme of procedure applicable to multiple narcotic offenses, that the State was obliged to allege in its indictment (No. 57) all of defendant's prior convictions upon which it relied at the time of sentencing and, having failed to do so, defendant can now be resentenced only as a first offender. Reliance is focused upon two decisional authorities, State v. Laird, 25 N.J. 298 (1957), and State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947). In both cases, essentially the same language was used to describe the procedural requisites for satisfaction of due process.
In Laird the court stated:
"The basic rule is that where the repetition of criminal action renders the accused liable to different and greater punishment, the subsequent offense is treated as a first offense unless the earlier *403 crimes are included in the specification of the offense laid and proved on the trial; the usual practice is to allege the prior convictions in the indictment and to submit the factual issue thereby arising to the jury; and this course is a sine qua non save where the statute makes other adequate provision for the inquiry. The procedure is rooted in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge he is called upon to meet; and this of necessity involves the elements of aggravation which under the statute enlarged the grade of the crime by enhancing the punishment." (25 N.J., at p. 303)
Unlike in the matter sub judice, the defendant in Laird was not originally sentenced as a recidivist, but only after the satisfaction of the sentence was he brought before the court for an enlargement of punishment by reason of his prior record. The fundamental due process considerations underlying the court's opinion were reviewed by this court in State v. Burger, 74 N.J. Super. 208, 216 (App. Div. 1962), where we succinctly stated, "Laird stands for the proposition that there must be adequate inquiry and opportunity to be heard before the imposition of sentence." See also Worbetz v. Goodman, 47 N.J. Super. 391, 405 (App. Div. 1957), certification denied 26 N.J. 245 (1958), certiorari denied 357 U.S. 941, 78 S.Ct. 1388, 2 L.Ed.2d 1552 (1958), appeal dismissed per curiam 361 U.S. 38, 80 S.Ct. 142, 4 L.Ed.2d 112 (1959), for examples of impermissible habitual criminal sentencing practices.
In Lutz the question confronting the court was whether evidence of prior crimes, submitted to the jury on the narrow issue of the defendant's liability for punishment as a recidivist, so infected the jury's deliberations, as to the substantive crime charged in the indictment, that defendant was deprived of a fair trial. The obvious purpose for which the court there embarked upon an analysis of procedural requirements under the Habitual Offender Law was to demonstrate the propriety of admitting evidence of the prior crimes alleged in the indictment.
It is important to recognize that habitual offender legislation does not create a new substantive crime. Its purpose *404 is to impose a greater penalty for the criminal act for which the defendant is being tried, where he has persistently engaged in unlawful activities. "The prior convictions are only a matter of aggravation of guilt in the repetition of criminal conduct, warranting the imposition of the heavier penalty ordained by the Legislature in the case of a convicted recidivist for the substantive offense presently dealt with." State v. Wimbush, 54 N.J. Super. 283, 288 (App. Div. 1959). See Janiec v. McCorkle, 52 N.J. Super. 1, 6 (App. Div. 1958). Former convictions have nothing to do with the guilt or innocence of the accused under a subsequent accusation for which he is being tried. The prior convictions are relevant on the question of punishment only. State v. Myers, 136 N.J.L. 288, 291 (Sup. Ct. 1947).
The United States Supreme Court, in a majority opinion written by Mr. Justice Clark, in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), declared:
"Even though an habitual criminal charge does not state a separate offense, the determination of whether one is an habitual criminal is `essentially independent' of the determination of guilt on the underlying substantive offense. Chandler v. Fretag, 348 U.S. 3, 8, 75 S.Ct. 1, 4, 99 L.Ed. 4 [9] (1954). Thus, although the habitual criminal issue may be combined with the trial of the felony charge, `it is a distinct issue, and it may appropriately be the subject of separate determination.' Graham v. [State of] West Virginia, 224 U.S. 616, 625, 32 S.Ct. 583, 586, 56 L.Ed. 917 [921] (1912). * * *
Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense. * * *" (368 U.S., at p. 452, 82 S.Ct., at p. 503, 7 L.Ed.2d, at p. 450)
As previously pointed out, defense counsel expressly admitted having had knowledge of defendant's prior convictions from the very outset of the trial, and the court recalled discussions involving defendant and his attorney which had taken place in the course of the prosecution wherein both had been apprised of the State's intention to press for the sentencing of defendant as a recidivist. Characterization of defendant's *405 ground for relief as a "technicality" appears to be accurate in view of the failure of defendant and his counsel at any time to deny the critical proof proffered by the State, to wit, that defendant had been convicted twice previously, although they were given more than adequate opportunity to do so. Under the circumstances, defendant cannot now convincingly argue that he was in any way prejudiced by the manner in which sentence was ultimately imposed. He was given reasonable notice and full opportunity to be heard with regard to the recidivist charges. Due process was observed. See Oyler v. Boles, supra, 368 U.S., at p. 453, 82 S.Ct., at p. 504, 7 L.Ed.2d, at p. 451; State v. Cubbler, 4 N.J. Super. 297, 300-301 (App. Div. 1949), certiorari denied 339 U.S. 939, 70 S.Ct. 670, 94 L.Ed. 1356 (1950); State v. Janiec, 20 N.J. Super. 471, 477 (App. Div. 1952). True, there was a procedural error, but, defendant's guilt was beyond question and his sentence was within statutory limits. He was not denied any substantive rights. Lott v. United States, 309 F.2d 115 (5 Cir. 1962), certiorari denied 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963).
Defendant's contention that the State was barred by laches from serving a formal notice on January 29, 1964 is without merit. When the court suggested a continuance of the hearing scheduled for January 16, 1964 in order to allow for service of notice that defendant was to be sentenced under N.J.S.A. 24:18-47, his trial counsel offered to waive formal notice. Moreover, when defendant was given an opportunity to speak in his own behalf prior to sentencing, he made no mention of his criminal record but simply requested leniency.
We find neither prejudice nor justification, in the circumstances here presented, to disturb the trial court's resentencing of the defendant to the New Jersey State Prison with hard labor for a minimum term of not less than ten years and a maximum term of life. Since punishment may not be augmented once a valid sentence has been put into execution, the imposition of a fine of $1,000 on February 13, 1964 was *406 improper. Previously (January 31, 1963) the fine was fixed at $500. See State v. Laird, supra, 25 N.J., at p. 307.
Remanded for elimination of the $500 additional fine; in all other respects affirmed.