**Joseph W. WASHINGTON, Petitioner,**

**v.**

**Vincent J. REGAN, Superintendent of Leesburg State Prison, Respondent.**

**Civ. No. 400–73.**

United States District Court,
D. New Jersey.

April 4, 1974.

Perskie & Callinan by Norman L. Zlotnick, Wildwood, N. J., for petitioner.

Richard J. Williams, Atlantic County Prosecutor, by James E. McGeary, Asst. Prosecutor, for respondent.

ON PETITION FOR WRIT
OF HABEAS CORPUS

AMENDED OPINION and ORDER

COHEN, Chief Judge:

This Court has reconsidered its Opinion and Order of February 20, 1974, disposing of the instant petition on the ground that petitioner had failed to exhaust his state remedies within the meaning of 28 U.S.C. § 2254(c) in that he failed to file a Post Conviction Relief Application as provided for in New Jersey Court Rule 3:22–1 et seq. Both claims asserted by the petitioner have been raised and considered by the state courts on direct appeal. The Order is therefore vacated, and the merits of the petition are discussed below.

The petitioner was tried and found guilty by a jury on June 17, 1968, of resisting arrest, and possession and control of narcotics. On December 2, 1968, the petitioner was sentenced to a term of two to four years on the narcotics conviction, and one to two years on the resisting arrest conviction, each sentence to be served consecutively. In a separate proceeding on October 14, 1969, the petitioner had been convicted of possession and control of a narcotic drug. The court then directed the prosecutor's office to charge the petitioner with being a multiple offender under the Narcotics Offenders Act, N.J.S.A. 24:18–47(c)(2), and on January 8, 1970, following a jury trial, the petitioner was convicted of being a multiple offender. On January 23, 1970, the petitioner was sentenced as a multiple offender for a term of five to ten years, the sentence to run consecutively to his prior sentences.

Subsequent to the petitioner's conviction and sentencing as a multiple offender, the case of State v. Johnson, 109 N. J.Super. 69, 262 A.2d 238 (App.Div. 1970) was decided. That case held that a defendant could not be sentenced as a second offender when his second offense occurred prior to his conviction for the first offense. Subsequently, on March 23, 1970, the sentencing court vacated the sentence it had imposed prior to State v. Johnson, *supra,* and imposed the

same sentence of five to ten years, to run consecutively to petitioner's prior sentences of three to six years. Petitioner alleges that it was error for the court to impose the same sentence upon him as a first offender, that it had previously imposed upon him as a multiple offender.

Petitioner further alleges that he was denied a fair trial, in that part of the indictment read to the jury indicated that the petitioner was under arrest for the charge of "possession and sale of narcotics." This part of the indictment was subsequently deleted by the court. Petitioner contends, however, that testimony regarding the sale of narcotics was elicited by the prosecution, and admitted by the court. The essence of petitioner's claim is that the admission of such evidence, plus the wording of the indictment, despite its subsequent amendment, infected the entire proceeding, and denied the petitioner due process of law.

The petitioner's claim with respect to his sentence has merit. In the case of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) the United States Supreme Court held that resentencing was appropriate in a case where the trial court had before it evidence of two prior convictions obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As the Court pointed out:

> For if the trial judge in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding. Instead of confronting a defendant who had been legally convicted of three previous felonies, the judge would have then been dealing with a man who, beginning at age 17, had been unconstitutionally imprisoned for more than ten years, including five and one-half years on a chain gang. 404 U.S. at 448, 92 S.Ct. at 592.

▪ Similarly, in the instant case, when the petitioner appeared before the court for resentencing, he was, in legal contemplation, a first offender. The court itself acknowledged the intervening change in the law which necessitated the vacation of the original sentence. (Resentencing Transcript at 10) The record also indicates that the court, at first, resentenced the petitioner to a term of five to ten years, to be served concurrently with his prior sentences. On its own motion, and without explanation, the court ordered the word "concurrent" struck, and the word "consecutive" to be inserted. (*Id.* at 19) No allegation is made that the sentence imposed was not within the sentencing range permitted by statute.

In State v. Tyler, 88 N.J.Super. 396, 212 A.2d 573 (App.Div.1965), cert. denied, 384 U.S. 992, 86 S.Ct. 1898, 16 L. Ed.2d 1008 (1966) the court pointed out that the purpose of habitual offender legislation "is to impose a greater penalty for the criminal act for which the defendant is being tried, where he has persistently engaged in unlawful activities. 'The prior convictions are only a matter of aggravation of guilt in the repetition of criminal conduct warranting the imposition of a heavier penalty ordained by the Legislature in the case of a convicted recidivist for the substantive offense presently dealt with.' (citations omitted)." 88 N.J.Super. at 404, 212 A.2d at 578. Given the announced policy which underlies habitual offender legislation, it appears that, unless there was an additional unarticulated basis for the sentence imposed in this case, the sentencing judge viewed the defendant as a multiple offender at resentencing. There may, in fact, have been a permissible basis for imposing the same sentence that was originally imposed; however, the sentencing judge gave no reason for doing so. *See generally* North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969); Palmer, A Model of Criminal Dispositions: An Alternative to Official Discretion in Sentencing, 62 Georgetown L.J. 1, 21–25 (1973). The requirement of providing a reason for a particular disposition is also embodied in the ABA Standards Re-

lating to Appellate Review of Sentences, Approved Draft, 1968, Standard 2.3(3): "The Sentencing Judge should be required in every case to state his reasons for selecting the particular sentence imposed. Normally, this should be done in the presence of the defendant at the time of sentence."

For a plea from a federal district court judge which also calls for an articulation of the rationale for the sentence imposed, *see* Frankel, Lawlessness In Sentencing, 41 U.Cinn.L.Rev. 1, 9–16 (1972).

In other contexts, dispositional authorities have been required to give reasons for their decision. For example, Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193 (1971) held that the Parole Board must give reasons for a denial of parole.

Given the articulated state policy of treating multiple offenders more harshly with regard to sentencing than other offenders, it is reasonable to require, on the particular facts of this case, that the sentencing judge articulate a basis for the sentence imposed. This is not to say that the sentencing judge does not have broad discretion to choose between the many sentencing options available, nor should this opinion be read to indicate that the same sentence may not be imposed again upon resentencing. It is, however, incumbent upon the trial judge to state why the petitioner received the same sentence he received when characterized as a multiple offender, if in fact, there is a basis for doing so.

The sentence of five to ten years to be served consecutively with petitioner's current sentence of three to six years is hereby vacated, and the state court is instructed to resentence the petitioner.

There is some authority to the effect that in habeas corpus proceedings the only relief available is discharge from custody. In recent years, however, the relief which a federal court may fashion in a habeas corpus proceeding has been considerably broadened.

In Peyton v. Rowe, 391 U.S. 54, 66, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968)

the United States Supreme Court pointed out: "But the statute does not deny the federal courts power to fashion appropriate relief other than immediate release."

In a similar vein, the Court pointed out in Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) that "the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. . . . The 1966 Amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody." 391 U.S. at 239, 88 S.Ct. at 1560.

Recent decisions which have further expanded habeas corpus relief beyond mere discharge from custody, and which cite both *Carafas* and *Peyton* with approval are: Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (Habeas Corpus relief available to one released on bail or his own recognizance); Braden v. 30th Judicial District, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (one who is incarcerated in one state and attacks not the conviction but the detainer of another state which has not tried him). *See generally* Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ Given this expanded view of the nature of habeas corpus relief which is available, there can be little doubt that this Court has authority to fashion the relief here granted.

■ As to petitioner's claim of a denial of a fair trial in that the indictment read to the jury indicated that he was under arrest "upon a charge of possession and sale of narcotics," and the admission of testimony regarding a sale of narcotics, there is no basis for disturbing the findings of the state trial court. The trial court found that the record did not substantiate the petitioner's claim that evidence regarding a prior sale of narcotics was ever heard by the jury. Because no such testimony was heard by

the jury, it was reasonable to conclude, as did the trial court, that the petitioner was not prejudiced by the language in the indictment, or its subsequent deletion by the court.

It is ordered on this 4th day of April, 1974, that the petition for habeas corpus is granted in part, and denied in part. Petitioner's sentence of five to ten years consecutive to his prior sentence imposed on March 23, 1970, is vacated, and the state court is hereby instructed to resentence petitioner, setting forth the reasons for the sentence it chooses to impose, in accordance with the foregoing opinion.

### ADDENDUM

Since the preparation of this Opinion, to be noted with interest is the recent statement by Chief Justice Hughes of the New Jersey Supreme Court wherein several of the problems of sentencing, noted herein, were discussed. *N.Y. Times* at p. 41, April 5, 1974. The remedies proposed by the Chief Justice are not unlike those suggested in the instant Opinion.