ESSEX COMMON PLEAS.

STATE

*v.*

ROBERT DEHART.

[Decided January 12th, 1925.]

Motor Vehicles—Driving in Intoxicated Condition—Intoxication Proved—Though Policeman Did Not See Defendant Drive Car, Defendant's Admission and Other Circumstances Establishes Fact—Question of Legality of Arrest Does Not Affect Court's Jurisdiction—If Arrest Was Illegal, Remedy is a Civil Action—Conviction Sustained.

*Mr. George F. Harris,* town attorney for Montclair, for the state.

*Mr. William H. Rawson,* for the defendant.

PORTER, J.

This case comes before this court on an appeal from the recorder's court of the town of Montclair, under the provisions of the Motor Vehicle act. The defendant was charaged with driving an automobile while under the influence of intoxicating liquor, was tried and found guilty in the recorder's court. A trial *de novo* being had here, two witnesses were produced on behalf of the state and none on behalf of the defendant.

Joseph Casey, a police officer of Montclair, testified that he was called to the corner of Greenwood avenue and Glen Ridge avenue, Montclair, at about twelve fifty-five on the morning of Sunday, September 14th, 1924, where two automobiles had collided. He made inquiry as to who was in charge of the respective automobiles, and was told by Mr.

Mayo that he was in charge of one, and by the defendant that he was in charge of the other one. The officer then asked for and received the licenses of both men. He states that no one was in the defendant's car, and that he did not see him operating his car. He further says that he noticed that the defendant's eyes were swollen and heavy, that he had difficulty in closing the automobile door, and that he was unsteady in his walk. He took him to the police station and made a report to the lieutenant, who then sent for the town physician. The officer further testified that he was present when the doctor came and examined the defendant, and says that he observed that the defendant could not walk in a straight line when asked to do so by the doctor. During the afternoon of the same day the officer went to the home of the police recorder and there made a formal complaint against the defendant, charging him with driving his automobile on a public highway while under the influence of intoxicating liquor.

The other witness called on behalf of the state was Doctor Maurice Cohen, town physician of Montclair. He testified that he examined the defendant on September 14th at the police station. He found the defendant had an alcoholic breath, a staggering gate, thick speech, dilated pupils of the eyes, cold, clammy skin, decreased knee jerks, and that he unintelligently answered questions. From this examination the doctor found that the defendant was under the influence of intoxicating liquor.

Defendant's attorney urges, in support of a motion to dismiss, that there is no evidence that the defendant had been driving his car. That is the only question of fact in the case, because the only testimony concerning his condition, on the night in question, is that he was under the influence of intoxicating liquor. The defendant does not take the stand himself nor bring any witnesses to testify either that he was not under the influence of intoxicating liquor, nor that he had not been driving his car. There is no testimony that there was anyone with him in the car. The

police officer testifies that there was no one in the car when he arrived, no companions of the defendant accompanied him to the police station or made themselves known to the officer, nor have any appeared to testify, either in the court below or here. Moreover, the defendant told the officer that he was in charge of the automobile and produced his license. This occurrence was very late at night, nearly one o'clock.

Under these undisputed facts the inference is unescapable that the defendant had been driving his automobile. Under the testimony there is no doubt but that the defendant was under the influence of intoxicating liquor, consequently the burden of proof has been amply sustained on behalf of the state as to the truth of the charge.

There remains to be considered, however, a question of law that was raised by the attorney for the defendant, as to the jurisdiction of the recorder's court. He moved for a dismissal of the charge on the ground that the police recorder was without jurisdiction, because the police officer had arrested the defendant without a warrant for an offense which was not committed in his presence. An examination of the record below shows that he made the same motion there, at the outset of the hearing; that the recorder stated that he would hear the testimony and allow the motion to be made later in the proceedings. The motion was accordingly again made, after the testimony had been heard, and decision on that motion was reserved. Later, the recorder denied the motion.

This question of jurisdiction is properly raised in this court. *State* v. *Rosenblum, 2 N. J. Adv. R. 1882.* Section 31 of the Motor Vehicle act, which is the basis for this motion, provides that—

"Any constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, is hereby authorized to arrest, without warrant, any person violating in the presence of such constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, any of the provisions of this act, and to bring the defendant before any magistrate of the county where such offense is committed."

. It is true that no offense under the Motor Vehicle act was committed by the defendant in the presence of the arresting officer. This offense not being an offense at common law, such as would give the officer the right to arrest without a warrant, he can obtain the right to arrest only by virtue of the statute law. As has been observed, the statute only gives him the right to arrest without warrant where the offense was committed in his presence.

But even though the arrest was illegal, does that fact deprive the court of jurisdiction? If so, the most flagrant violation of this act might go unpunished and the act rendered inoperative and void, except where and when violated under the eyes of one of the officers enumerated in the statute. In cases of intoxicated drivers many, if not all of them, would become sober by the time their identity could be established and a warrant issued and the arrest made. An examination of them then by a physician or anyone else would thus be of little or no benefit. The legality or illegality of the arrest is not the important or controlling question, and does not affect the jurisdiction of the court. Section 25 of the Motor Vehicle act gives jurisdiction to the police magistrate to proceed in a summary way, to hear and determine the guilt or innocence of the person against whom a complaint has been made  The accused cannot be excused nor the jurisdiction thus conferred be divested because of the manner of his arrest. The defendant was, as a matter of fact, brought before the court and there formally charged with a violation of this act, and the court had jurisdiction to try the complaint, notwithstanding the fact that the original arrest was illegal. The defendant has his remedy for the illegal arrest in a civil action. The supreme court of Massachusetts so held in the case of *Commonwealth* v. *Tay, 48 N. E. Rep. 1086.*

For these reasons the motion to dismiss is denied.

I find the defendant guilty as charged.

NEWTON H. PORTER,
*Judge.*