## STATE v. CLARENCE HATCHER.

(Filed 29 April, 1936.)

1. **Automobiles G d—Statute prohibiting operation of vehicle by person under influence of intoxicants imports motion of the vehicle and does not embrace holding vehicle still by putting foot on brake.**

   In this prosecution under C. S., 4506, for operating a motor vehicle while under the influence of whiskey, defendant testified that he was not driving the truck, but that the driver got out to examine the motor when the truck stalled, and that defendant placed his foot on the brake to keep the truck from rolling backward. The court charged the jury to the effect that holding his foot on the brake to keep the truck from rolling backward was an operation of the truck within the meaning of the statute. *Held:* The instruction entitles defendant to a new trial, operation of a motor vehicle within the meaning of the statute importing motion of the vehicle, and not including the acts of defendant as testified to by him, and defendant having the right to have the theory of the case arising on his testimony presented to the jury.

2. **Statutes B c—**

   Penal statutes must be construed in the light of the mischief against which they inveigh.

STATE *v.* HATCHER.

APPEAL by the defendant from *Sink, J.,* at January Special Term, 1936, of MECKLENBURG. New trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*Scarborough & Boyd for defendant, appellant.*

SCHENCK, J. This case was heard upon appeal from the county recorder's court of Mecklenburg County upon a warrant charging a violation of C. S., 4506, which reads as follows: "Any person who shall, while intoxicated or under the influence of intoxicating liquors or bitters, morphine or other opiates, operate a motor vehicle upon any public highway . . . or the streets of any city or town in this State, shall be guilty of a misdemeanor, . . ."

Jake Culp, a rural police officer and State's witness, testified that "The defendant Hatcher was under the wheel. I couldn't tell who stopped the truck. It was stopped when we got up beside of it. The car was headed up the hill." . . . "We got him out from under the steering wheel. Mr. Hatcher was under the steering wheel when the truck rolled back down the hill into the curb. The defendant cursed a good deal. Mr. Hatcher was drunk that night."

The defendant testified in his own behalf that "a fellow named Melvin McClure was driving the truck and it stalled or stopped. I was not under the wheel at all when the truck moved backwards. Mr. McClure got out of the car to work on the carburetor and I put my foot on the brake to keep the car from running backwards." . . . "The car did not roll back, not while I was in it. After Mr. Culp, the officer, pulled me out, it rolled back to the curb. I did not have a drop to drink."

The defendant reserved exception to the following excerpts from his Honor's charge: "The court charges you, gentlemen of the jury, that if you are satisfied from the testimony in this case that he drove the car there, that he was intoxicated, or had consumed liquor or drugs or opiates to the extent that his normal functions were interfered with, or if he backed the car partially down the hill, *or if he held the car there on the hill, that was an operation of the car within contemplation of the law,* and if he was drunk at the time he did it, or under the influence of liquor or drugs, and you shall be so satisfied, beyond a reasonable doubt, it would be your duty to return a verdict of guilty." We think this exception is well taken and entitles the defendant to a new trial, since the charge is to the effect that if the defendant did nothing more than to hold the car on a hill, that would constitute an operation of the car within contemplation of the law, and that if the defendant was intoxi-

cated at the time he would be guilty of violation of the statute. All penal statutes must be construed in the light of the mischief against which they inveigh, and we apprehend that it was never the intention of the Legislature to make it unlawful for a person to prevent an automobile from moving on the highway, although such person may be intoxicated at the time. The word "operate," when used in connection with an automobile, clearly imports motion—motion of the automobile. The holding of an automobile still on a hill by placing one's foot on the brake while the driver worked on the carburetor cannot be construed as operating the automobile.

The evidence is conflicting as to what the defendant actually did at the time under investigation, and we do not intimate what the true state of facts was, but only hold that the defendant had a right to have the theory of the case arising on his testimony presented to the jury, which right was denied him by his Honor's charge.

New trial.