STATE OF NEW JERSEY, ANTHONY FIORE, COMPLAIN-
ANT-RESPONDENT, v. WILLIAM A. WRIGHT, DEFEND-
ANT-PETITIONER.

Argued August 2, 1948—Decided August 11, 1948.

Before Justice EASTWOOD, pursuant to statute.

For the complainant-respondent, no appearance.

For the defendant-petitioner, *Joseph H. Gaudielle.*

EASTWOOD, J.   This is an application of defendant-peti-
tioner, William A. Wright, for a review of his conviction on
a charge of operating an automobile while under the influence
of intoxicating liquor on March 24th, 1948, on Paterson
Avenue, a public highway in East Rutherford, Bergen County,
in violation of *R. S.* 39:4–50. The order for review of said
conviction was made by Mr. Justice Wachenfeld on July 22d,

1948, returnable August 2d, 1948. Another order permitted defendant to take "depositions of persons who were present at the trial held on April 23d, 1948, at the Recorder's Court in the Borough of East Rutherford, County and State aforesaid, who have any knowledge as to what took place at said trial." A transcript of the depositions of Harold L. Ackerman, recorder, and Edward A. Schmalz, chief of police of the Borough of East Rutherford, together with the complaint, process, proceedings, evidence and record of conviction have been submitted to and considered by me in review of this application.

Defendant asserts six grounds for a reversal of his conviction, viz.: (1) the complaint is defective in that it failed to allege "that the defendant was unfit to operate a motor vehicle;" (2) the warrant failed to have the proper return endorsed upon it, the same being left in blank; (3) no proof was adduced that the defendant was under the influence of intoxicating liquor and unfit to· operate an automobile; (4) there was no proof that defendant had operated the motor vehicle at the time and place charged; (5) the record of conviction fails to show a legal conviction; and (6) "the proceedings were in divers other ways irregular, illegal and did not justify the rendition of a verdict of guilty."

An examination of the complaint convinces me that it is not defective. It sufficiently conforms to the language of *R. S.* 39:4–50. The complaint charges the ·defendant with one of the acts mentioned in *R. S.* 39:4–50, alleging that "* * * defendant, did violate a provision of section 39:4–50 of the Revised Statutes, in that on 3/24/48 at East Rutherford, Bergen County, New Jersey, at about 11:05 o'clock, P. M., The said defendant operated a motor vehicle on Paterson Ave., a public highway while under the influence of intoxicating liquor." It was not necessary to incorporate in the complaint "that the defendant was unfit to operate a motor vehicle at the time and place charged."

I find no merit in the contention that the conviction should be reversed because the warrant failed to have a return endorsed upon it. Defendant does not assert that there was no warrant issued nor that he was brought before the recorder

without the authority of a valid warrant. A warrant was issued bearing even date with the complaint to wit: March 25th, 1948, and the defendant in his application for this review states "That the warrant under which the petitioner was apprehended in said cause, failed to have the proper return endorsed upon it." It clearly appears from the record that the recorder, by virtue of said complaint and warrant acquired jurisdiction of the subject-matter and the person of the defendant. The mere fact that the return was not endorsed upon the warrant is not fatal to the conviction.

There was ample proof that the defendant was under the influence of intoxicating liquor at the time and place charged in the complaint. This was established by the testimony of police officers Sears, Meyers and Dr. Harold W. Riley, who examined defendant in his office about 11:40 P. M. (thirty-five minutes after the accident which resulted in his arrest) and who testified that he "found him to be under the influence of liquor and unfit to drive a car." The two police officers testified that they arrived at the scene of the accident almost immediately thereafter and that, in their opinion, Wright was under the influence of intoxicating liquor; that they took the defendant to Dr. Riley for examination and were present when Dr. Riley declared defendant "to be under the influence of liquor and unfit to drive."

Defendant asserts that the record of conviction fails to show a legal conviction. He fails, however, to point out in what respect the record of conviction returned by the recorder is defective. The conviction substantially complies with the statute and I find no merit in this contention.

Defendant alleges that the proceedings before the recorder were irregular, illegal and did not justify the rendition of a verdict of guilty by the recorder. He fails to specify any particular irregularity or illegality in the proceedings. My examination of the proceedings fails to reveal any irregularity or illegality therein.

Defendant places great stress on his assertion that the testimony before the recorder was barren of any evidence that defendant was operating said motor vehicle at the time and place charged. He relies almost altogether on the fact that

the complaining witness, Anthony Fiore, merely testified that he signed "the Complaint that the Defendant was operating the motor vehicle on Paterson Avenue while under the influence of intoxicating liquor," as stated by the recorder in the record of conviction. The depositions of the recorder and chief of police were taken in an attempt to establish the fact that there was no specific testimony at the hearing before the recorder as to the operation of the automobile by defendant while under the influence of intoxicating liquor. However, the testimony of all of the witnesses must be considered in determining this question. Officer Sears testified that he came upon the accident and proceeded to check the registration and driver's license of the defendant and while doing so, Officers Meyers and La Greca, having been detailed to the scene of the accident, arrived in the radio police car; that Wright was under the influence of liquor; that at the scene of the accident the complaining witness, Anthony Fiore, stated that "he wished to have defendant examined by a doctor as he wished to make a drunken driving charge." It would appear from the testimony of the officers that the drivers of the two cars were at the scene of the accident; that the complaining witness stated in the presence of the defendant that he wanted to have defendant examined by a doctor as he intended to prefer a drunken driving charge against him; that defendant was examined almost immediately and was found to be under the influence of intoxicating liquor. From a consideration of all of the testimony one cannot escape the logical conclusion to be drawn therefrom, to wit: that defendant was the operator of his automobile when the accident occurred and the proof of his being under the influence of intoxicating liquor was overwhelming. The defendant did not see fit to take the stand and deny the testimony of the officers. I entertain no doubt about the state having successfully borne the burden of proof required to establish defendant's guilt. Under the evidence, and the logical and proper inferences to be drawn therefrom, the recorder was justified in finding the defendant guilty of operating an automobile while under the influence of intoxicating liquor at the time and place charged in the complaint.

The penalty imposed upon the defendant is the minimum provided for such a violation and, therefore, cannot be challenged as unreasonable.

I find no merit in any of the grounds advanced by defendant for reversal of his conviction.

The judgment under review is affirmed, with costs.