21 N.J. Super. 348 (1952)
91 A.2d 222
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH BAUMGARTNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided September 15, 1952.
*349 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Lewis S. Beers argued the cause for the appellant (Mr. Joseph V. DeMasi, attorney).
Mr. John H. Pursel, Warren County Prosecutor, argued the cause for the respondent.
PER CURIAM.
Just before midnight, February 25, 1952, the driver of a passing car observed defendant's truck on Main Street, Hackettstown, N.J., standing half-way between the curb and the center line of the street, with headlights on and the driver slumped over the wheel. The police were notified. Upon arriving at the scene a few minutes later the police officer found defendant with his head over the wheel, his right arm hanging through the spokes and left arm hanging to one side. There was the smell of alcohol. The *350 truck had apparently stalled; the headlights and ignition were on, but the motor was not running. The officer found the truck some six feet from the curb, standing near an intersection which had no traffic light.
Defendant was arrested and taken to the police station where he was examined by a physician shortly after midnight. The routine tests for intoxication established that defendant was so much under the influence of liquor as to be unable to drive a motor vehicle. Defendant told the physician he had left his home at Hampton about 6:30 P.M.; he thought he was then in Washington or Glen Gardner, and he admitted driving a truck. To the police officer he said that he had been in a tavern in East Hampton and intended to go to Mt. Airy; he thought he was in Clinton; he knew that he had been driving a truck.
After spending the night in a cell, defendant was taken before the Hackettstown municipal magistrate and tried on a complaint charging violation of R.S. 39:4-50 (drunken driving). He pleaded guilty and was fined $200 and costs and his driving privilege revoked for two years. Defendant immediately retained counsel to appeal the matter and on March 27, 1952 a trial de novo without a jury was held in the Warren County Court after a plea of not guilty. Defendant did not take the stand or present any witnesses in his behalf. He was found guilty of drunken driving and the same penalty was imposed as in the Municipal Court. Defendant appeals.
Defendant does not deny that he was under the influence of intoxicating liquor when arrested, but argues that there was no evidence tending to establish that he actually operated the truck while in that condition. It is true that no one actually saw defendant driving his truck, but the evidence amply supports the conclusion that he actually did so. From the undisputed facts in the case the inference is inescapable that defendant operated his truck while under the influence of intoxicating liquor. The State sustained its burden of proof as to the truth of the charge. State v. *351 DeHart, 3 N.J. Misc. 71 (C.P. 1925); State v. Wright, 137 N.J.L. 507 (Sup. Ct. 1948); and see State v. Elliott, 13 N.J. Super. 432 (App. Div. 1951).
The trial court could properly consider the failure of defendant to testify or to make any explanation of circumstances reasonably and naturally tending to establish his guilt of the offense charged. State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947); City of Cleveland v. McNea, 158 Ohio St. 138, 107 N.E.2d 201 (Ohio Sup. Ct. 1952).
Defendant complains that the trial court erred in allowing the magistrate to testify as to the plea of guilty in the municipal court and in considering that plea in arriving at its decision. The plea was voluntarily and understandingly made. It was therefore admissible in evidence as an admission against interest.
Defendant argues that the plea of guilty "was imperfectly brought and illegally received" in the municipal court because the magistrate failed to apprise defendant of his right to retain legal counsel. Rule 8:4-1(c) directs that
"The magistrate shall inform the defendant of the complaint against him, of his right to retain counsel and to have a reasonable time in which to consult counsel and prepare his defense. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him."
Municipal magistrates should observe the mandate of the rule in every case, no matter what the offense charged. However, the failure of the magistrate here to advise the defendant of his rights is not fatal. When a case is tried de novo on appeal in the County Court, the judgment of that court nullifies the judgment of the municipal court. By participating on the merits in the trial before the County Court, defendant waived all defects, if any, in the conviction before the municipal court, other than lack of jurisdiction of the subject matter. State v. Hunter, 12 N.J. Super. 128, 131 (App. Div. 1951).
The judgment of conviction is affirmed, with costs.