For the reasons stated there must be a
New trial.

---

### STATE v. GEORGE ROBBINS.

(Filed 23 November, 1955.)

**1. Automobiles §§ 67, 72—**

Defendant was under the influence of intoxicating liquor or drugs. The evidence was conflicting as to whether defendant was merely sitting in his parked car, which had been driven by another, when it rolled back and struck the car parked behind it, or whether defendant backed the car. *Held:* The conflicting evidence as to whether defendant was driving takes the case to the jury in a prosecution under G.S. 20-138.

**2. Criminal Law § 52a (1)—**

The evidence must be considered in the light most favorable to the State upon demurrer to the evidence. G.S. 15-173.

**3. Criminal Law § 53f—**

Where the court gives the contentions of the State and then states that it does not know what defendant contends, and that it seemed there had been a misapprehension in the argument of the cause both by the State and the defendant, the instruction must be held prejudicial as contravening G.S. 1-180.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Armstrong, J.,* at April Term, 1955, of RANDOLPH.

Criminal prosecution on warrant of a justice of the peace upon affidavit charging "that at and in said County (Randolph) on or about the 18th day of May, 1954, George Robbins did unlawfully and wilfully . . . operate a motor vehicle over and upon a public highway while under the influence of intoxicating liquor, beer, wine or narcotic drugs."

The record on this appeal discloses that defendant's recognizance in the sum of $200 for appearance in Recorder's Court, and his recognizance in the sum of $700 for his appearance in Superior Court appear in the original transcript. And the Clerk of Superior Court certifies the record from the Recorder's Court showing that defendant was found guilty, and that from judgment pronounced he appealed.

The record on this appeal discloses that in Superior Court, defendant, through his counsel, entered a plea of not guilty, and the charge of the court indicates that he was put upon trial on the charge of "operating

a motor vehicle on one of the public highways of the State, . . . while under the influence of some intoxicant."

Upon the trial in Superior Court the State offered evidence tending to show that around 8 o'clock on night of 18 May, 1954, defendant was alone sitting behind the wheel in his car parked on east side of Fayetteville Street in Asheboro, N. C., with motor running; that his car was about a car and a half ahead of Mrs. Swanson's car, which was parked at the curb on South Fayetteville Street across from Fox Drug Store; that the car ahead backed to her car, and the bumpers locked; that defendant was intoxicated; and that he stated to a police officer, Bulla, that he "was driving but he wasn't drinking."

Defendant offered evidence tending to show this narrative: Defendant was at Causey's Service Station around 1 or 1:30. He drove his car up there and went to sleep in the car. Causey thought "he was under the influence of something," and drove him across the street to Brittain's apartments, back of the house at the cabins. Defendant was sitting on the right-hand side of the car. Later "close to dark, 5:30 or 6 o'clock," Bill Sledge, then 13 years of age, saw defendant at Brittain's Tourist Camp. He was sitting in his car. He asked Bill to take him home.

Bill testified: "I didn't know whether he was drunk or what. I was trying to get him to come back to life. I stayed on a dirt road. Then I drove to South Fayetteville Street, across from Fox Drug Store. I had been in the drug store . . . I saw Mr. Bulla . . . I got scared and left. I left the car running when I parked it across the street from Fox Drug Store . . . George Robbins had not driven from the time I saw him at Brittain's place until I got out and went in the drug store . . . When the car backed into Mrs. Swanson I was in the drug store. I do not know whether he was trying to drive off or not."

And defendant testified: ". . . on this date . . . I . . . took a sleeping pill. I went to sleep in my car at Causey's Filling Station. That was before dark. I woke up . . . I wanted something for my head. I was not driving my automobile. Billy Sledge was driving. The next thing I knew the car went to rolling back and it rolled into Mrs. Swanson's car . . . I jerked the emergency brake just before it hit. I could not say how long the car had been parked there. I kindly woke up. I thought I was close to the filling station . . . I hadn't drove that car a bit . . . When Mr. Bulla arrested me I said 'Just wait, somebody else was driving, I wasn't driving.' I was in such a shape I don't know what I said."

The jury returned for its verdict that "The defendant is guilty as to driving intoxicated"; and that thereupon the court adjudged that defendant be confined in common jail of Randolph County for the term of

6 months and assigned to work the roads under the direction of the State Highway and Public Works Commission. And the court directed that he be given a medical examination, etc.

To judgment so pronounced, defendant excepted, and appeals to Supreme Court, and assigns error.

*Attorney-General Rodman, Assistant Attorney-General Bruton, and Harvey W. Marcus, Member of Staff, for the State.*
*Deane F. Bell and Archie L. Smith for defendant, appellant.*

WINBORNE, J. The statute, G.S. 20-138, under which defendant stands indicted, declares "it shall be unlawful and punishable . . . for . . . any person who is under the influence of intoxicating liquor or narcotic drugs, to *drive* any vehicle upon the highways within this State."

Now, on this appeal, appellant, the defendant, challenges the correctness of the judgment from which he appeals on assignments of error based upon exceptions duly taken (1) to the refusal of the trial court to grant his motions, aptly made, for judgment as of nonsuit, and (2) to portions of the charge.

As to the first, considering the provisions of the statute, and taking the evidence offered upon the trial in Superior Court, in the light most favorable to the State, as is done in passing upon demurrer to the evidence, G.S. 15-173, this Court is constrained to hold that the evidence presents a case to be considered by the jury under proper instructions of the court.

As to the charge, appellant takes exception to several portions of the charge as given, particularly a section nearly a page in length, in which the trial judge, in referring to defendant's contentions, stated, among other things, "I don't know what he contends . . . it seems there has been a misapprehension in the argument of this cause both by the State and the defendant, . . . and, to be frank, I am at a loss to know what to tell you the contentions of the defendant are."

The record shows that the court had stated contentions of the State. And it is manifest that the section of the charge just referred to contravenes the provisions of G.S. 1-180, for which defendant is entitled to a new trial. Hence other matters to which exceptions are taken need not be expressly treated.

For error pointed out, let there be a
New trial.

HIGGINS, J., took no part in the consideration or decision of this case.