53 N.J. Super. 108 (1958)
146 A.2d 550
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DICK RICHARD DAMOORGIAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided December 1, 1958.
*112 Mr. William Blohm, Jr., Deputy Attorney-General, argued the cause for the State (Mr. David D. Furman, Attorney-General; Mr. William Blohm, Jr., Deputy Attorney-General, on the brief).
Mr. Nathan J. Littauer argued the cause for appellant.
CONCILIO, J.C.C.
This is an appeal from a conviction of the defendant in the Municipal Court of the Town of Secaucus on a charge of "operating vehicle while under influence of liquor." A stenographic record having been made in that court, the appeal was heard de novo on the record. R.R. 8:7-5.
The record discloses that Trooper James Kearns observed the defendant's vehicle, with parking lights on, parked on the grass section of the shoulder of the New Jersey Turnpike at milepost 113, northbound, in the Town of Secaucus, and upon investigation found the defendant sitting in the driver's seat with his head lying against the window of the door on the driver's side. In attempting to arouse the defendant, the trooper found the door on the driver's side locked. He tried to awaken him by knocking upon the window against which his head was lying, but to no avail. Failing in this, he proceeded to the other side of the car and found that the front door thereof was unlocked. Upon opening it, he ascertained that the engine was running and the radio was playing and he smelled the odor of alcohol. He awakened the defendant and had him get out of the car. He observed *113 that he had difficulty in holding his balance. The toll ticket issued at Secaucus, East toll booth, in the possession of the defendant, was stamped at 10:04 P.M. The trooper came upon the defendant's car at 11:05 P.M. Believing that the defendant was under the influence of intoxicating liquor and unfit to operate a motor vehicle, the trooper brought him to the Newark station for clinical and drunkometer examinations, which were administered by Trooper William J. Burke in the presence of Trooper Kearns. These tests were commenced at 11:35 P.M. As a result of the clinical tests, later corroborated by the drunkometer test, which the operator computed at .23 per centum of alcohol in the defendant's blood, the defendant was charged with "operating vehicle while under influence of liquor" and a summons was issued by the arresting officer to the defendant to that effect.
The summons and complaint were in the form prescribed by R.R. 8:10-1. After the words on said summons and complaint "and did then and there commit the following offense(s)" appear "39:4-50." After the State had presented its testimony the defendant moved to dismiss the complaint upon several grounds, which are now urged on this appeal. The trial judge denied all motions. The defendant, urging that the court had no jurisdiction to hear the matter, did not take the stand in his own behalf. He was found guilty and sentenced to the Hudson County jail for a period of ten days. The serving of said sentence was stayed by the court pending appeal.
Defendant urges four grounds for reversal, namely, (1) there was no proof of operation of the automobile by defendant; (2) there was reasonable doubt as to the insobriety of the defendant; (3) that three essential elements to admissibility of evidence on drunkometer test are lacking, and lastly (4) that the court lacks jurisdiction because complaint is fatal in that the offense is brought under R.S. 39:4-50 and should have been brought within the provision of R.S. 27:23-26.
The court will consider each of these grounds separately.

*114 I.
As the New Jersey Turnpike is a toll road, the motor vehicle in which the defendant was found had, of necessity, to pass through a toll booth in order to gain access thereto. A ticket would be given to the driver of that motor vehicle setting forth the toll booth entered and the time. There is no evidence that any one else was with the defendant. Such a toll ticket was found in the possession of the defendant. Further, it was elicited that defendant had left New York, that his home was in Wallington, N.J., and in order to arrive there from the turnpike he would have to travel northbound from the point where he was parked. It was also shown that the defendant's car had its parking lights on, that when the trooper opened the door of the same the engine was running, and that the radio of the car was playing.
From these undisputed facts the inference is inescapable that the defendant operated the motor vehicle he was found in on the grass portion of the shoulder of the north-bound lane of the New Jersey Turnpike. State v. Baumgartner, 21 N.J. Super. 348 (App. Div. 1952). State v. Witter, 33 N.J. Super. 1 (App. Div. 1954).

II.
Whether the State established the defendant's insobriety beyond a reasonable doubt must be gleaned from the evidence.
In the State's proof we have the testimony of both troopers stating, without equivocation, it was their opinion that the defendant was under the influence of alcoholic liquor and unfit to operate a motor vehicle. Whether a man is sober or intoxicated is a matter of common observation, not requiring any special knowledge or skill, and is habitually and properly inquired into of witnesses who have occasion to see him and whose means of judging correctly must be submitted to the trier of the facts. Castner v. Sliker, 33 N.J.L. 95 (Sup. Ct. 1868). In State v. Pichadou, 34 N.J. Super. 177 (App. Div. 1955), the court reaffirmed the *115 rule that the average person of ordinary intelligence, although lacking special skill, knowledge and experience, but who has had an opportunity for observation, may testify whether a certain person was intoxicated; that in a prosecution for driving an automobile while under the influence of intoxicating liquor, the intoxicated condition of the defendant could be established in the absence of expert testimony.
As the testimony of the troopers in this case is opinion evidence, the weight to be given it is for the court as the trier of the facts.
The testimony of Trooper Kearns shows that when he opened the door of the defendant's car he detected the odor of alcoholic beverage, and that when the defendant got out of the car he could not hold his balance, and at that time he, the trooper, formed the opinion that the defendant was under the influence of alcoholic liquor. This opinion was further substantiated in his observation of the defendant at the State Police Barracks and by the clinical tests given to him. Trooper Burke, who administered the clinical tests, testified that the defendant admitted drinking of alcoholic liquor, namely one-half dozen drinks of scotch whiskey between 8 and 10:30 P.M., and that as a result of the clinical tests given and his conversation and observation of the defendant he was of the opinion that the defendant was under the influence of intoxicating liquor and unfit to operate a motor vehicle.
The court, as a trier of the facts, finds that the opinions of the troopers are sufficient and adequate and most convincing and that the State has proved the insobriety of the defendant beyond a reasonable doubt. To conclude that defendant was not under the influence of intoxicating liquor would be incumbent upon the court to completely ignore the proofs.

III.
Considering the ground advanced by the defendant that the evidence of the drunkometer test was inadmissible due *116 to the fact that three essential elements of the tests were not complied with, in support of this contention he cites the case of State v. Brezina, 45 N.J. Super. 596 (Cty. Ct. 1957) where the court, referring to Hill v. State, 158 Tex. Cr. R. 313, 256 S.W.2d 93 (Tex. Crim. App. 1953), adopted the holding of that court relating to the admissibility of evidence on the result of drunkometer tests. That court held there must be shown (1) proof that the chemicals were compounded to the proper percentage for use in the machine; (2) proof that the operator and the machine were under periodic supervision of one who has an understanding of the scientific theory of the machine; (3) proof by a witness who was qualified to calculate and translate the reading of the machine into percentage of alcohol in the blood.
The court has no quarrel with that holding. Of necessity it must be shown that the drunkometer had been periodically inspected, that it was in good working order, that the chemicals used for the test were of proper strength, that the person administering the same had been trained and qualified to conduct it, and that it was given in the manner prescribed.
It is not necessary that the operator of the drunkometer, nor the person preparing the chemical compounds or inspecting the machine, be a college graduate with the degree of Bachelor of Science and have majored in chemistry. It is sufficient that the operator of the drunkometer be certified as an operator after receiving a course of training in its operation by the New Jersey State Police. Further, a person through training, education, experience, reading and research can qualify as a person who can compound the chemicals used in the machine, conduct examinations of it, and understand the scientific theory thereof.
Whether the three essential elements, referred to in the Hill case above cited, have been complied with fully, would not make the finding of the drunkometer test inadmissible as evidence.
*117 In prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the computation of the per centum of alcohol in defendant's blood by a qualified operator of a drunkometer is not conclusive, but merely constitutes admissible evidence to be weighed by the trier of the facts along with other evidence which was logically relevant; and possibility of error in the operation of the drunkometer would not wholly deny admissibility of its finding but would simply affect the weight. State v. Dantino, 18 N.J. 570 (1955).
The court finds that the drunkometer test in this case was given properly and its admissibility was not error; that its finding corroborates the opinion of the troopers as to the insobriety of the defendant and was used for that purpose.

IV.
Lastly, the defendant contends that the court lacked jurisdiction because the complaint is fatal in that the offense is brought under R.S. 39:4-50 and should have been brought within the provision of R.S. 27:23-26.
The court doubts that the defendant is serious in urging reversal on the ground as stated. The defendant probably means that he cannot be found guilty of violating R.S. 39:4-50 while operating a motor vehicle on the New Jersey Turnpike. There can be no question that the court has jurisdiction to hear not only violation of R.S. 39:4 et seq., but also violations of R.S. 27:23-25 et seq. This jurisdiction is conferred upon the court by R.S. 39:5-3 and R.S. 27:23-34.
Taking this contention in its best possible interpretation, it is without merit. The defendant is charged with "operating vehicle while under influence of liquor." Both R.S. 39:4-50 and R.S. 27:23-26 make it an offense to operate a motor vehicle while under the influence of intoxicating liquor.
The summons and complaint issued in this case were in the form prescribed by R.R. 8:10-1. Under that rule there *118 is no requirement that the statute violated must be cited thereon. Nor is it necessary under R.R. 8:3-1, nor R.R. 3:2-1. It may be desirable but it is not necessary and the failure to cite the statute violated does not vitiate the complaint. In contrast an indictment or accusation does require the customary citation of the statute or statutes which the defendant is alleged to have violated, but error in the citation or its omission shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. R.R. 3:4-3.
A complaint is sufficient if it is a written statement of the essential facts constituting the offense charged. R.R. 8:3-1 and R.R. 3:2-1.
The complaint in this case meets these requirements. The citing of the statute purported to have been violated, whether correct or incorrect, is unnecessary, and it has not been shown that the defendant was misled to his prejudice.
R.S. 39:4-1 provides in part that:
"The provisions of this chapter shall apply to the owners and drivers of vehicles on the highways, including roadways or driveways, upon grounds owned and maintained by the State of New Jersey, or any State department or agency the counties, the municipalities and the school district boards of education of this State."
R.S. 39:4-50 is a provision of this chapter and provides that:
"A person who operates a motor vehicle while under the influence of intoxicating liquor or a narcotic or habit producing drug, or permits another person who is under the influence of intoxicating liquor or a narcotic or habit producing drug to operate a motor vehicle owned by him or in his custody or control, shall be subject, for a first offense, to a fine of not less than two hundred nor more than five hundred dollars ($500.00), or imprisonment for a term of not less than thirty days nor more than three months, or both, in the discretion of the magistrate, and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of two years from the date of his conviction. For a subsequent violation, he shall be imprisoned for a term of three months and shall forfeit his right to operate a motor vehicle over the highways *119 of this State for a period of ten years from the date of his conviction and, after the expiration of said period, he may make application to the Director of the Division of Motor Vehicles for a license to operate a motor vehicle, which application may be granted at the discretion of the director. A magistrate who imposes a term of imprisonment under this section may sentence the person so convicted either to the county jail or to the workhouse of the county wherein the offense was committed."
The Legislature, when it created the New Jersey Turnpike Authority as an agency within the State Highway Department, also enacted legislation providing for the regulation of traffic on turnpikes and prescribing proceedings and penalties for violation thereof. L. 1951, c. 264, p. 915.
R.S. 27:23-26 deals, among other things, with the operation of a motor vehicle while under the influence of intoxicating liquors, and provides as follows:
"No vehicle shall be operated on any such turnpike project carelessly or recklessly, or in disregard of the rights or safety of others, or without due caution or prudence, or in a manner so as to endanger unreasonably or to be likely to endanger unreasonably persons or property, or while the operator thereof is under the influence of intoxicating liquors or any narcotic or habit forming drug, nor shall any vehicle be so constructed, equipped, lacking in equipment, loaded or operated in such a condition of disrepair as to endanger unreasonably or to be likely to endanger unreasonably persons or property."
R.S. 27:23-32 provides that:
"If the violation of any provision of this act, or the violation of any regulation adopted by the Authority under the provisions of this act, would have been a violation of law or ordinance if committed on any public road, street or highway in the municipality in which such violation occurred, it shall be tried and punished in the same manner as if it had been committed in such municipality."
It would therefore follow that the defendant, being charged with operating a motor vehicle on the New Jersey Turnpike, in the Town of Secaucus, while under the influence of intoxicating liquor, which is in violation of R.S. 27:23-26, shall be tried and punished in the same manner as if this violation had been committed on a public road, *120 street or highway in the Town of Secaucus, namely, R.S. 39:4-50.
It is quite apparent that the Legislature, when it enacted the statute relating to traffic regulations on the Turnpike, wanted the same punishment meted out to persons found guilty of operating a motor vehicle on the Turnpike while under the influence of intoxicating liquor as he would receive on any public highway. He was not to benefit by any preferential treatment as the defendant argues. R.S. 27:23-34, upon which he relies to support his contention, belies that. This section provides in part that:
"Except as provided in sections eight and nine of this act, any violation of any of the provisions hereof, including but not limited to those regarding the payment of tolls, and any violation of any regulation adopted by the Authority under the provisions of this act shall be punishable by a fine not exceeding two hundred dollars ($200.00) or by imprisonment not exceeding thirty days or by both such fine and imprisonment. * * *"
The section 8 referred to in this section is R.S. 27:23-32 set forth above, and is specifically excepted from the provision of this section.
The court, in passing, desires to note the defendant's failure to take the witness stand in his own behalf. On appeal, which is a trial de novo on the record, the defendant had the opportunity to again take the stand in his defense. This he chose not to do. His failure so to do raises an inference that he cannot truthfully deny the facts which tend to prove his guilt. State v. Corby, 28 N.J. 106 (1958).
The court suggests that should the arresting officer desire to indicate on the summons and complaint the section of the statute alleged to have been violated while operating a motor vehicle on the Turnpike under the influence of intoxicating liquor, that he should cite both R.S. 27:23-26 and R.S. 39:4-50. In this manner, although it is not necessary to cite any section, the defendant, should he be so naive, cannot be heard to say he was not apprised of the statute he is alleged to have violated and the statute under which he will be tried and punished.
*121 As the defendant in this case was fully apprised of the violation he was charged with, namely "operating vehicle while under influence of liquor," and as R.S. 27:23-26 makes it an offense to operate a motor vehicle while under the influence of intoxicating liquor, and as the same is to be tried and punished in the same manner as a violation of R.S. 39:4-50, the court finds the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor.
Since this appears to be the first conviction of the defendant of operating a motor vehicle while under the influence of intoxicating liquor, it is the judgment of this court that the defendant be fined $200 and costs to be taxed, and that defendant's license to operate a motor vehicle be revoked for a period of two years.