### STATE v. AMOS HADDOCK.

(Filed 1 March, 1961.)

**1. Criminal Law § 103—**

The trial judge's election not to submit to the jury one of the counts contained in the indictment will be treated as the equivalent of a verdict of not guilty on that count.

**2. Criminal Law § 101—**

In a case in which the State relies upon circumstantial evidence, it is not the function of the court upon motion to nonsuit to determine whether the evidence excludes every reasonable hypothesis of innocence but only whether there is competent evidence tending to prove the fact in issue, or which reasonably conduces to such conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjection of guilt.

**3. Criminal Law § 99—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.

**4. Automobiles § 66—**

The elements of the offense defined by G.S. 20-138 are the driving of a vehicle upon a highway within the State while under the influence of intoxicating liquor or narcotic drugs.

**5. Automobiles § 72— Circumstantial evidence that defendant, being intoxicated, drove a vehicle upon a State highway, is held sufficient to be submitted to jury.**

The State's evidence tended to show that defendant was apprehended in an intoxicated condition sitting under the steering wheel, with his head drooped forward, and with both hands holding the steering wheel of a vehicle parked on the shoulder of a highway, and that the headlights of the vehicle were burning and the motor running. The evidence further tended to show that no car was parked at the scene when the officers passed the place some fifteen minutes prior to the time the defendant was apprehended. There was no evidence that any other person was present at the scene. *Held:* The evidence is sufficient to raise the inference that defendant drove the vehicle upon the highway while intoxicated, and motion to nonsuit was correctly denied.

**6. Criminal Law § 156—**

Assignment of error to the charge which fails to point out specifically the part of the charge challenged is ineffectual.

MOORE, J., dissenting.

HIGGINS, J., joins in dissent.

APPEAL by defendant from *Burgwyn, E. J.,* September Term 1960 of CRAVEN.

Criminal prosecution on an indictment with two counts. The first count charges defendant with unlawfully driving an automobile upon the public highways of the State, while under the influence of intoxicating liquor and narcotic drugs, in violation of G.S. 20-138. The second count charges defendant with the improper use of headlights in the operation of an automobile.

Plea: Not Guilty.

The trial judge in his charge submitted the case to the jury only on the first count in the indictment.

Verdict: Guilty.

From a judgment imposing a fine of $100.00 and the costs, defendant appeals.

*T. W. Bruton, Attorney General, and H. Horton Rountree, Assistant Attorney General, for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

PARKER, J.  The trial judge's election not to submit to the jury in his charge the second count in the indictment will be treated as the equivalent of a verdict of not guilty on that count. *S. v. Mundy*, 243 N.C. 149, 90 S.E. 2d 312; *S. v. Love*, 236 N.C. 344, 72 S.E. 2d 737.

The State's evidence consists of the testimony of H. W. Pridgen, a state highway patrolman. Defendant offered no evidence. Defendant assigns as error the denial of his motion for judgment of nonsuit made at the close of the State's case.

The State's evidence tends to show the following facts:

About 12:30 a.m. on 13 August 1958 H. W. Pridgen, a state highway patrolman, about 15 minutes prior to defendant's arrest, was driving a patrol car down the old Cherry Point Road, which is old Highway 70. State highway patrolman Henry was riding in the car with Pridgen. Pridgen was travelling in an easterly direction, and passed Williams' Service Center, which was closed. From there he patroled down the highway about four and one-half miles to Old Red's Service Station, where he turned around and proceeded back to New Bern. Upon his approach to Williams' Service Center, he saw a 1950 Ford automobile standing in front of the Service Center on the right-hand shoulder, about three feet off the paved part of the highway, headed east with bright headlights shining directly down the highway. At the time he had passed this Service Center 15 minutes earlier no car was there. Pridgen stopped his car, got out and went to the parked car to ask who was there to turn off the lights. When he reached the 1950 Ford automobile, he saw defendant sitting under the steering wheel, with both hands holding the steering wheel, and

his head drooped over in front. The motor of the Ford automobile was running. Pridgen opened the door, and tried to rouse him. Defendant would just groan. Defendant was drunk. Pridgen smelt the odor of alcohol about him. Defendant couldn't walk, and did not say a word. Patrolman Pridgen and Patrolman Henry lifted him out of the Ford automobile, put him in the patrol car, and carried him to jail.

This is a case of circumstantial evidence. The rule in respect to the sufficiency of the evidence to carry a case of circumstantial evidence to the jury is stated by *Higgins, J.,* in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431: "We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.'"

WINBORNE, C.J., said for the Court in *S. v. Rogers* and *S. v. Foster,* 252 N.C. 499, 114 S.E. 2d 355: "In this connection, it is settled law in this State that in passing upon a motion for judgment as of nonsuit in criminal prosecutions, the evidence must be considered in the light most favorable to the State, and it is entitled to every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, and if there be any competent evidence to support the charge in the warrant, the case is one for the jury."

In *State v. Hazen,* 176 Kan. 594, 272 P. 2d 1117, the defendant was convicted of driving a motor vehicle while under the influence of intoxicating liquor. The State's evidence showed the following facts: "At about 9 o'clock on the night of May 29, 1953, while patrolling Kansas Highway No. 4, about a mile east of Ransom, law enforcement officers came upon a car parked upon the highway, headed east, in the center of the east-bound traffic lane. It was dark and the car's lights were out. The engine was not running. Defendant was sitting in a slumped position in the driver's seat, and was in a dazed condition. A carton of beer, with one can removed, was in the car. There was an open can of beer, partially full, in the front seat. Some of it had been spilled. Very shortly thereafter other officers appeared at the scene. All of them testified that defendant was intoxicated. Efforts were made to move the car to the side of the road so as to lessen the traffic hazard, and there was evidence to the effect that at the time these efforts were being made defendant himself started the engine

and backed the car a few feet. He was arrested, taken to jail, and one of the officers drove the car into town. The only evidence introduced by defendant consisted of the testimony of a witness who was at the scene with respect to who did or did not move defendant's car off of the highway. There is no contention that defendant was not intoxicated when found by the officers." The Court said: "Entirely aside from the confusing evidence as to whether defendant 'drove' his car after the officers arrived at the scene, the circumstantial evidence above related was sufficient to withstand the demurrer and to support the verdict of guilty."

The facts in the following cases are closely similar to the facts in the *Hazen* case, and were held sufficient to survive a demurrer to the State's evidence, and to carry the case to the jury: *State v. De Hart,* 3 N.J. Misc. 71, 129 A. 427; *State v. Baumgartner,* 21 N.J. Super. 348, 91 A. 2d 222; *State v. Damoorgian,* 53 N.J. Super. 108, 146 A. 2d 550.

G.S. 20-138 defines three distinct elements of the offense: (1) driving a vehicle, (2) upon a highway within the State, (3) while under the influence of intoxicating liquor or narcotic drugs.

The evidence for the State is plenary to the effect that defendant when taken into custody by state highway patrolmen Pridgen and Henry was very drunk, and that the automobile in which he was sitting, when seen by the two patrolmen, had been driven upon a public highway to where it was parked within fifteen minutes before the patrolmen arrived at the scene.

Defendant argues that the State has no evidence tending to show that he actually drove the automobile on a highway, while under the influence of intoxicating liquor. It is true that no one actually saw defendant driving the automobile, but the State's evidence shows the following facts: About 12:30 a.m. on 13 August 1958 state highway patrolman Pridgen patroling old Highway 70 drove by Williams' Service Center, which was closed. At that time no automobile was there. He patroled down the highway about four and one-half miles, turned around and proceeded back to New Bern. Within 15 minutes after he had passed Williams' Service Center he approached it again, and saw a 1950 Ford automobile parked in front of Williams' Service Center on the right-hand shoulder, about three feet off the paved part of the highway, headed east with bright lights shining down the highway. The motor of the Ford automobile was running. The defendant was sitting under the steering wheel of the Ford automobile, with both hands holding the steering wheel, and his head drooped over in front. He had the odor of alcohol about him, and was drunk. There is no evidence any one else was there. The State's evidence tends to show facts which authorize the fairly logical and legitimate

inference that defendant actually drove the 1950 Ford automobile upon a highway within the State, while under the influence of intoxicating liquor, and that the State sustained its burden of proof to carry its case to the jury.

*State v. Hall,* 271 Wis. 450, 73 N.W. 2d 585, is factually distinguishable. In that case no one knew how long the automobile had been parked, and defendant was seated on the passenger side. *State v. McDonough,* 129 Conn. 483, 29 A. 2d 582, is also factually distinguishable. In that case there was no evidence as to how long the automobile had been parked, and defendant was seated in the middle of the front seat, leaning toward the right, and with one hand on the floor and the other on the dashboard, as though he was reaching or feeling for something.

Defendant has no exceptions as to the evidence. He has several assignments of error as to the charge. They are not in conformity with the rules of practice in this Court, in that they do not point out specifically the part of the charge challenged. To find this out we had to go beyond the assignments themselves as to the charge, and go on a "voyage of discovery." *Steelman v. Benfield; Parsons v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. However, we have read and considered the charge, and error sufficiently prejudicial to justify a new trial does not appear.

All defendant's assignments of error are overruled.

No error.

MOORE, J., dissenting:

It is my opinion that the evidence, when taken in the light most favorable to the State, fails to make out a *prima facie* case of operating a vehicle on a public highway while under the influence of intoxicants. It is conceded that there is ample evidence of public drunkenness. But on the issue of operating the vehicle the showing merely creates suspicion and leaves the matter in the realm of conjecture.

The majority opinion asserts: "This is a case of circumstantial evidence," and acknowledges that "It is true that no one actually saw defendant driving the automobile . . . ."

I do not agree that the circumstances listed are sufficient to withstand a motion for nonsuit.

With reference to defendant's condition patrolman Pridgen testified: "I tried to rouse him up and I opened the door and shook him. I couldn't get any sense in him at all. He would just groan . . . . He could not walk . . . he was just as limber as he could be. He didn't say a word." The patrolmen took him bodily from the Ford, placed him in the patrol car and took him to jail. If this evidence tends to

prove anything, other than public drunkenness, it is that defendant was utterly incapable of operating the Ford automobile. How long had he been in this condition? One minute, one hour, longer? Any possible answer is a pure assumption, a mere guess. There is no evidence of intoxicating beverages in or near the vehicle. No empty or partially empty bottles were found. As to when or where he did the drinking and lapsed into a drunken stupor there is no evidence.

Stress is laid upon the testimony that the car was not at this location fifteen minutes before defendant was apprehended. In the majority opinion it is said that the evidence does not show anyone else was there. By the same token, the evidence does not show that there were not others there. The real weakness of this case consists of the things the evidence does not show. There is no evidence that the officers made any effort to determine whether there were other persons in or near the premises. Besides, there is no evidence as to whether or not there were dwellings or other buildings nearby.

There is no evidence that defendant owned the automobile. Surely this was a matter within the knowledge of the patrolmen, or which could have been easily determined by them. There is no evidence that defendant had been seen alone in this car at any other location on this night.

It is true that the motor was running and the lights were burning. Even so, there is no evidence that defendant was doing anything to set the vehicle in motion. If it be assumed that he had driven the car in an intoxicated condition, and had sufficient presence of mind to drive it off the hard surface and park it to avoid detection, must it not also be assumed that he had presence of mind sufficient to cause him to stop the motor and turn off the lights? If the running motor and burning headlights tend to prove anything against defendant, it is that he had made preparation to drive. But mere preparation is not sufficient for conviction even of an attempt to commit a crime. *State v. Surles*, 230 N.C. 272, 275, 52 S.E. 2d 880.

In order to sustain the conviction, it is necessary to make assumptions and deal in possibilities. Facts are lacking. The operation of a motor vehicle by a person under the influence of intoxicants imports motion of the vehicle, and does not embrace holding an automobile motionless by putting the foot on a brake pedal. *State v. Hatcher*, 210 N.C. 55, 185 S.E. 435. Sitting in a parked car while it rolls backwards under the force of gravity is not operating. *State v. Robbins*, 243 N.C. 161, 90 S.E. 2d 322. Conceding there is evidence that the Ford automobile had been moved to the location in front of the Service Center within a 15-minute period prior to defendant's arrest, there is still the unanswered question: Who drove it there? The

defendant was never seen in the Ford at another place, and was never seen in the Ford at this place while it was in motion.

We have found no case in this or other jurisdictions with the same factual situation as that here presented. There are cases somewhat similar. The results reached are about evenly divided; but the result in each case is made to depend upon the peculiar circumstances of the particular case. The majority opinion relies on two cases. *State v. Hagen,* 176 Kan. 594, 272 P. 2d 1117 (1952) ; *State v. Baumgartner,* 21 N.J. Super. 348, 91 A. 2d 222 (1952). There are important factual differences between these cases and the one at bar. In other cases the decisions favored the defendants. *State v. Hall,* 271 Wis. 450, 73 N.W. 2d 585 (1955) ; *State v. McDonaugh,* 129 Conn. 483, 29 A. 2d 582 (1942).

It appears contrary to our concept of presumption of innocence and the justice individuals have the right to expect in our courts to permit a jury to consider whether or not this defendant is guilty *from the evidence* beyond a reasonable doubt when essential elements must be assumed from pure conjecture and possibilities.

I am authorized to say that HIGGINS J., joins in this dissent.