State v. Moore

court sentenced defendant to a prison term of two years. Counsel was appointed to perfect defendant's appeal.

*Attorney General Robert Morgan by Andrew A. Vanore, Jr., Deputy Attorney General for the State.*

*T. O. Stennett for defendant appellant.*

---

STATE OF NORTH CAROLINA v. JOHN HICKS MOORE

No. 7329SC736

(Filed 14 November 1973)

Automobiles §§ 127, 131— driving under the influence — hit and run driving — sufficiency of evidence

    In a prosecution charging defendant with driving under the influence and hit and run driving, evidence was sufficient to be submitted to the jury where it tended to show that in the opinion of the arresting officer defendant was very intoxicated, the breathalyzer test given defendant indicated that the alcohol content of his blood was .27%, an approaching car ran the prosecuting witness off the road and struck the driver's side of the prosecuting witness's car, the witness turned around and chased the hit and run vehicle, observed

State v. Moore

that it was a black Pontiac, took the license number of the vehicle, and called the State Patrol, within a short while the patrol officer saw defendant seated behind the wheel in a black Pontiac with the reported license number and observed that the vehicle was partially on the highway and partially in a private driveway, and defendant stated to the officer that he had been in an accident.

ON *Certiorari* to review the trial before *Winner, Judge,* 12 March 1973 Criminal Session, RUTHERFORD County Superior Court.

The defendant was charged with operating a motor vehicle upon the public highways while under the influence of intoxicating liquor in violation of G.S. 20-138 and with the offense commonly known as "hit and run" having done property damage in violation of G.S. 20-166(b). He was tried in the Rutherford County District Court, found guilty and given active consecutive sentences. The defendant appealed to the superior court and was found guilty by a jury and given an active four-month prison sentence. Certiorari was allowed on 22 August 1973.

*Attorney General Robert Morgan by Assistant Attorneys General William B. Ray and William W. Melvin for the State.*

*Hamrick and Hamrick by J. Nat Hamrick for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the denial of his motions to dismiss and asserts that there was insufficient evidence to go to the jury.

The State's evidence tended to show that the prosecuting witness's car was traveling on a public highway, the Henrietta-Ellenboro-Caroleen Highway, when an approaching car, in the middle of the road, and going from side to side, ran the prosecuting witness off on the right shoulder. The approaching car, with the driver's side of his car, struck the driver's side of the prosecuting witness's car. The prosecuting witness turned around and chased the hit and run vehicle, an old model black Pontiac, following him almost to the "Old Tater House" Road at Ellenboro; he saw only one person in the car and obtained his license number. After getting the license number, the prosecuting witness and his wife went to the nearest service station and called the State Patrol.

Officer Church arrived in 10 or 15 minutes, and he was given the license number. In about 10 or 15 minutes Officer Church returned to the service station with the defendant. Officer Church saw the defendant at 1:50 a.m. just below the "Old Potato House" in Ellenboro in a black 1963 Pontiac, bearing the identical license number as reported, partially on the highway and partially in a private driveway. The defendant was seated behind the steering wheel and was the only one in the vehicle. The defendant stated to the officer that he had been involved in an accident and was there to use a telephone. The officer was of the opinion that the defendant was very intoxicated. Officer Church found a nearly empty bottle of whiskey in defendant's car. There was black paint on the left side of the prosecuting witness's car. Without objection the breathalyzer operator stated the breathalyzer test was .27%.

This case is controlled by *State v. Haddock*, 254 N.C. 162, 118 S.E. 2d 411 (1961), in which the motion for nonsuit was denied where the evidence tended to show the defendant was in an intoxicated condition sitting under the steering wheel with his hands on the steering wheel of an automobile parked on the shoulder of a highway with the headlights burning and motor running, no automobile having been at the scene some fifteen minutes earlier, and no other person being present at the scene. In *State v. Haddock, supra,* the court stated:

"This is a case of circumstantial evidence. The rule in respect to the sufficiency of the evidence to carry a case of circumstantial evidence to the jury is stated by *Higgins, J.,* in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431: 'We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: "If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." '

"WINBORNE, C. J., said for the Court in *S. v. Rogers and S. v. Foster,* 252 N.C. 499, 114 S.E. 2d 355: 'In this

· connection, it is settled law in this State that in passing upon a motion for judgment as of nonsuit in criminal prosecutions, the evidence must be considered in the light most favorable to the State, and it is entitled to every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, and if there be any competent evidence to support the charge in the warrant, the case is one for the jury.' "

We hold that the trial court properly denied the defendant's motions to dismiss.

We have examined defendant's other assignment of error and find it without merit.

No error.

Chief Judge BROCK and Judge BALEY concur.